693 P.2d 333

**STATE of Arizona, Appellee,**

v.

**Gary Wayne TIMS, Appellant.**

No. 6272.

Supreme Court of Arizona,
In Banc.

Jan. 3, 1985.

Robert K. Corbin, William J. Schafer, III, Chief Counsel, Crim. Div., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

C. Robert Pursley, Safford, for appellant.

GORDON, Vice Chief Justice.

On February 10, 1984 an information was filed charging defendant with one count of dangerous or deadly assault by a prisoner, A.R.S. § 13–1206, and one count of aggravated assault, A.R.S. § 13–1204, with an allegation of five prior felonies. Defendant, an inmate at the Fort Grant Training Center, allegedly beat a sleeping prisoner with a pipe. Prior to trial the state moved for and was granted a dismissal of the aggravated assault charge. After a jury trial, defendant was found guilty of dangerous or deadly assault by a prisoner. The court sentenced defendant to life imprisonment to be served consecutive to the sentence defendant was serving at the time of the assault.[1]

Defendant raises three issues on appeal:

(1) Whether the trial court abused its discretion in limiting defense counsel's voir dire of the jury;

(2) Whether the trial court erred in not giving an instruction on aggravated assault, and

(3) Whether the prosecutor committed prosecutorial misconduct in his closing argument.

Because we find no merit in any of these three issues, we affirm the judgment of conviction.

Defendant first contends that the trial court erred in refusing to allow defense counsel to voir dire the jury regarding the life imprisonment sentence associated with the crime charged, namely A.R.S. § 13–1206 deadly or dangerous assault by a prisoner. Prior to the voir dire, defense counsel requested that the court allow him to advise the jury of the mandatory life imprisonment sentence associated with the charge.

"[Defense Counsel]: And also urge the Court to allow the defense to voir dire the Jury as to the meaning of an unclassified dangerous felony. To advise the Jury or potential jurors that the offense with which Mr. Tims is charged carries with it, upon conviction, a mandatory life sentence. And allow the Jury to be aware of the sentence that is mandated and required by law in the event of a conviction.

"I do this on the grounds that the Jury in this particular case, if they convict Mr. Tims of that charge, acts also in essence as judge. Because the sentence is a mandated sentence. And the Judge will have no option, but to sentence Mr. Tims to life imprisonment.

"The statute also requires that that sentence be consecutive with whatever sentence he is now serving and also mandates that he will not be eligible for pardon or release unless he has served at least 25 years. And for those reasons I feel that the Jury has the right to know that this is first of all an unclassified dangerous felony, and secondly, that that means that upon conviction he will automatically be sentenced to life imprisonment.

"THE COURT: You're telling the Court, Mr. Pursley, you wish to voir dire the Jury explaining what the penalty— what the range of penalty would be and what the mandated minimums would be in the event the Jury adjudged him guilty?

"[DEFENSE COUNSEL]: I don't ask to go into that detail. I ask the court to allow me to advise the potential Jurors that a conviction on this charge carries a mandatory life imprisonment."

---

1. In light of the mandatory sentence provided by A.R.S. § 13–1206, the state did not pursue the prior felony convictions and they were dismissed.

We first note that the scope of voir dire is left to the sound discretion of the trial court. *State v. McDaniel*, 136 Ariz. 188, 665 P.2d 70 (1983); *State v. Baumann*, 125 Ariz. 404, 610 P.2d 38 (1980). The trial court's limitation of the voir dire examination will not be adjudged error on appeal absent clear abuse of that discretion. *State v. McMurtrey*, 136 Ariz. 93, 664 P.2d 637, *cert. denied*, —— U.S. ——, 104 S.Ct. 180, 78 L.Ed.2d 161 (1983); *State v. Smith*, 114 Ariz. 415, 561 P.2d 739 (1977).

In Arizona, the trial judge performs the sentencing function, not the jury. The jury, as the trier of fact, considers the evidence presented during the trial, deliberates thereon and determines the factual issues raised by the case. In reaching its verdict the jury should not be concerned with the possible sentences that the trial judge could impose, and such matters should not affect its deliberations and determination of guilt or innocence. See *State v. Burnetts*, 80 Ariz. 208, 295 P.2d 377 (1956); *United States v. Davidson*, 367 F.2d 60 (6th Cir.1966). This court, in *State v. Koch*, 138 Ariz. 99, 673 P.2d 297 (1983), has already determined that jury instructions should not state the potential punishment that may result from the jury's verdict:

> "In a criminal trial in Arizona, the exclusive function of the jury is to determine whether the defendant is guilty or not guilty. The trial court determines matters of punishment. 'A defendant is entitled to a fair trial and to a verdict of a jury upon the evidence without consideration of the punishment inflicted.' *State v. Burnetts*, 80 Ariz. 208, 212, 295 P.2d 377, 379 (1956). See *State v. Van Dyke*, 127 Ariz. 335, 621 P.2d 22 (1980). Consequently, a trial court's jury instructions generally should not touch on the subject of punishment except to advise the jury not to consider it." [2]

138 Ariz. at 105, 637 P.2d at 303. In *State v. Corrales*, 138 Ariz. 583, 676 P.2d 615 (1984) the trial court during the process of selecting the jury advised the jury panel that the death penalty was not applicable in that case. A murder conviction under A.R.S. § 13–1105 mandates a penalty of life imprisonment without the possibility of parole for 25 years.[3] The Supreme Court citing *Koch* stated that "because punishment is no longer a jury question in first degree murder cases; such instructions should no longer be given." *State v. Corrales*, 138 Ariz. at 596, 676 P.2d at 628. Accordingly, it would have been improper for the trial judge to allow defense counsel to inform the jury on the mandatory punishment under A.R.S. § 13–1206 to consider along with the evidence presented at trial in determining guilt.

We thus find that defendant was not denied a fair trial by the trial court's refusal to allow defense counsel to advise the jury of the mandatory life imprisonment sentence; there was no abuse of discretion.

Second, defendant contends that the trial court erred in not giving an instruction and verdict form for aggravated assault as a lesser included offense of the crime of dangerous or deadly assault by a prisoner.

In all cases involving lesser included offenses, the greater offense contains each element of the lesser offense plus one or more elements not found in the lesser. *State v. Wise*, 137 Ariz. 468, 671 P.2d 909 (1983). The elements of A.R.S. § 13–1206, dangerous or deadly assault by a prisoner as they pertain to this case are: (1) a person in the custody of the Department of Corrections, (2) commission of an assault, and (3) use of a deadly or dangerous instrument, or infliction of serious physical inju-

---

**2.** We note that the trial judge followed this rule and instructed the jury that "[i]n deciding whether the defendant is guilty or not guilty, do not consider the possible punishment."

**3.** "§ 13–1105. First degree murder; classification

\* \* \* \* \* \*

"C. First degree murder is a class 1 felony and is punishable by death or life imprisonment as provided by § 13–703."

ries. The elements of aggravated assault, A.R.S. § 13–1204 are: (1) commission of an assault, and (2) use of a deadly or dangerous instrument, or infliction of serious physical injury. The extra element distinguishing the lesser included offense from the greater is the custody status of the defendant.

Where this extra element is not in dispute or there was no evidence presented during the trial contesting it, however, defendant is not entitled to the lesser included instruction. *State v. Caldera*, 141 Ariz. 634, 688 P.2d 642 (1984) (where defense was alibi and there was no evidence that firearm used by defendant was inoperable at the time of crime, failure to instruct on unarmed lesser included offenses was not error); *State v. Yarbrough*, 131 Ariz. 70, 638 P.2d 737 (App.1981) (where entire defense was misidentification and no evidence mitigating threat, defendant not entitled to lesser included instruction on theft). That is, where defendant could be guilty of the crime charged (the greater offense) or not at all, an instruction on the lesser offense is not justified. *State v. Hatten*, 106 Ariz. 239, 474 P.2d 830 (1970); *State v. Toney*, 113 Ariz. 404, 555 P.2d 650 (1976).

In this case there was no dispute that defendant was an inmate at Fort Grant Training Center on the date of the incident and thus in the custody of the Department of Corrections. Defense counsel conceded this issue during his voir dire examination of the jury. Additionally, defendant did not present one scintilla of evidence that he was not a prisoner at the time. Instead the entire thrust of the defense was that defendant was not the person who committed the crime—an identity issue. We find no evidence adduced at trial by which the jury could convict defendant of the aggravated assault lesser included offense. Thus, the trial court correctly refused to give the aggravated assault instruction.

Third, defendant contends that the prosecutor committed prosecutorial misconduct in his closing argument to the jury.

During closing argument the prosecutor placed a poster before the jury outlining the elements of the crime, dangerous or deadly assault by a prisoner. Defendant objected to the poster, but the trial court overruled the objection. Defendant points out that the jury should consider all the instructions given to them by the court, and argues that the prosecutor's poster took the deadly assault by a prisoner instruction and "removed it from all the rest and forced it to become the center of attention of the jury." Defendant contends that this tainted the deliberation of the jury. This argument is meritless.

The prosecutor should not misstate the law in closing argument. *State v. Daymus*, 90 Ariz. 294, 367 P.2d 647 (1961); *United States v. Berry*, 627 F.2d 193 (9th Cir.1980) *cert. denied*, 449 U.S. 1113, 101 S.Ct. 925, 66 L.Ed.2d 843 (1981). The trial court is vested with great discretion in the conduct and control of closing argument and will not be overturned on appeal absent an abuse of discretion. *E.L. Jones Construction Company v. Noland*, 105 Ariz. 446, 466 P.2d 740 (1970).

First, we note that the jury was properly instructed to consider all the instructions during their deliberations.

"I will now tell you the rules you must follow to decide this case. I will instruct you on the law. It is your duty to follow the law.

\* \* \* \* \* \*

*"You must take account of all my instructions on the law. You are not to pick out one instruction or part of one and disregard the others.* However, after you have determined the facts, you may find that some instructions do not apply.

"You must then consider the instructions that do apply, together with the facts as you have determined them. Decide the case by applying the law in these instructions to the facts."

Second, the instructions on the poster contained the proper elements for deadly assault by a prisoner and thus did not mis-

state the law or mislead the jury. Third, after reading the transcript there is no indication that the prosecution either expressly or impliedly told the jury that it should focus its attention on the deadly assault instruction and exclude consideration of other instructions. Last we see no error under the circumstances in using a chart to display instructions that are discussed in closing arguments. Such charts often aid the jury in understanding how the evidence applies to the law in the particular case, mitigate confusion by the jury, and provide a useful tool in the summation process in closing argument. Such posters when merely listing the elements of the alleged crimes do not inherently taint the deliberations of the jury.

We find that the trial judge did not abuse his discretion in allowing the prosecutor to use the poster listing the elements of deadly assault by a prisoner.

We have reviewed the record for fundamental error pursuant to A.R.S. § 13–4035 and have found none. The judgment of conviction and sentence imposed are affirmed.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.