734 P.2d 93

The STATE of Arizona, Appellee,

v.

David HENRY, Appellant.

No. CR–86–0003–PR.

Supreme Court of Arizona,
En Banc.

March 4, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Eric J. Olsson, Asst. Attys. Gen., Phoenix, for appellee.

Jim D. Himelic, Tucson, for appellant.

FELDMAN, Vice Chief Justice.

David Henry was convicted of recklessly trafficking in stolen property, a class 3 felony.[1] Because Henry was a prior offender on parole, his sentence was enhanced under A.R.S. § 13–604 and was imposed consecutively to his existing sentences. Henry claims the enhanced sentence violates A.R.S. § 13–604(H), which restricts enhancement based on multiple convictions for criminal acts occurring on the "same occasion." We granted review to continue our examination of the applicability of A.R.S. § 13–604 in various situations. *See, e.g., State v. Noble*, 152 Ariz. 284, 731 P.2d 1228 (1987). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. §§ 13–4031, 4032, 4033, and 4035.

## FACTS AND ISSUES

In 1974, Henry and an accomplice forced their way into an apartment complex at gunpoint and ordered the complex manager to disrobe and open the office safe. After taking the money from the safe and giving it to Henry, the manager was repeatedly raped by Henry and his accomplice.

Henry and his accomplice were convicted of armed burglary, armed robbery, and armed rape.[2] Henry was sentenced to twenty years on each count, the sentences to be served concurrently.

In 1982, while on parole, Henry committed the crime of reckless trafficking in

stolen property, a class 3 felony. He was convicted of that crime in 1985. The sentencing judge treated Henry's 1974 offenses as separate prior convictions. He therefore sentenced Henry under A.R.S. § 13–604(D), which provides enhanced sentences for class 2 or class 3 felons who have been "previously convicted of two or more felonies." Section 13–604(D) increases the minimum, maximum, and presumptive terms of imprisonment, and further provides that the defendant shall be ineligible for any type of early release, including pardon or parole, until two-thirds of the imposed sentence has been served.[3]

Henry claims that the trial judge erred in sentencing him under an enhancement section applicable only to those "previously convicted of two or more felonies." He bases his argument on subsection (H) of the enhancement statute, which provides:

> Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes, may, at the discretion of the state, be counted as prior convictions for purposes of this section. *Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section.*

A.R.S. § 13–604(H) (Supp.1982) (emphasis added). Henry claims that although he was convicted for three separate crimes, those crimes all occurred at the same place, at the same time, and in a single series of continuous acts. Thus, he contends, the three prior offenses were all "committed on the same occasion" and should be "counted as only one conviction." If his

---

1. Because Henry was charged in 1982, the statutes in effect at that time are cited herein. Some of the statutes have been renumbered and amended in ways not relevant to this decision.

2. These facts are taken from Henry's 1974 presentence report, which was submitted to the sentencing judge in this case.

3. A.R.S. § 13–604(D) (Supp.1982) provides in pertinent part:

   [A] person who ... stands convicted of a class 2 or 3 felony, and who has been previously convicted of two or more felonies shall be sentenced to imprisonment for at least twice

the sentence and not more than four times the sentence authorized by section 13–701 for the offense for which the person currently stands convicted and shall not be eligible for suspension or commutation of sentence, probation, pardon or parole, work furlough or release from confinement on any other basis ... until not less than two-thirds of the sentence imposed by the court has been served. Upon imposing a sentence pursuant to this subsection the court shall impose as a presumptive term three-fourths of the median of the allowable range.

argument is correct, Henry concludes, the applicable enhancement section was not subsection (D) of § 13–604 but, rather, subsection (B), which applies to class 2 or class 3 felons previously convicted of only a single felony and which requires considerably less onerous terms of enhancement.[4]

The difference between subsections (B) and (D) is not entirely academic. Under subsection (D), the trial court imposed a mandatory minimum sentence of 11.25 years. In contrast, the court of appeals held that Henry should have been sentenced under subsection (B) and reduced his mandatory minimum sentence to 7.5 years. *State v. Henry*, No. 2 CA–CR 3339 and 2 CA–CR 4039–2–PR[5] (Ariz.Ct.App. Dec. 4, 1985) (memorandum decision).

## IS SUBSECTION H APPLICABLE TO ALL ENHANCEMENT PROVISIONS OF A.R.S. § 13–604?

■ The state argues that we need not decide whether Henry's 1974 crimes were committed on the "same occasion" because subsection (H) applies only to convictions for "spree" offenses consolidated for trial, and not to sentence enhancement under subsections (A) through (D). According to the state, if a defendant is convicted in a single trial of three crimes committed on the "same occasion," subsection (H) precludes the state from using the convictions for crimes one and two to enhance the sentence for crime three. If, however, as in this case, defendant is later convicted of a fourth crime, subsection (H) does not prevent the judge from using the convictions for crimes one, two, and three to enhance the sentence for crime four.

The state's argument, although imaginative, is contradicted by the plain language of A.R.S. § 13–604(H), which provides that prior convictions for crimes committed on the same occasion "shall be counted as only one conviction for purposes of this section." Because subsection (H) is not a separate sentencing provision, the phrase "this section" necessarily refers to all of § 13–604, not merely to subsection (H). Therefore, the most reasonable construction of subsection (H) is that its "same occasion" limitation is applicable to *all* enhanced sentencing under A.R.S. § 13–604. *Noble*, 152 Ariz. at 287, 731 P.2d at 1231.

## "SAME OCCASION"

We turn, then, to the principal issue before us: were the 1974 burglary, robbery, and rape "committed on the same occasion" within the meaning of A.R.S. § 13–604(H)? According to the court of appeals, because the multiple prior convictions all "involved conduct occurring as part of a single criminal episode," they must be treated as one prior conviction for purposes of sentence enhancement. Memorandum decision at 4. The state contends that there were two priors for purposes of enhancement. Conceding that the burglary and robbery were committed on the "same occasion," the state argues that the rape was an unrelated offense and therefore should be considered as a second and separate prior, even though it occurred in the same place and at the same time. In the state's view, time and place of commission are not the only factors to be considered. According to to the state, the courts must go

> beyond merely identifying a single criminal episode.... [T]he sentencing judge

---

**4.** Subsection (B) does not increase the minimum that may be imposed and increases the maximum by "only" three times:

> [A] person ... who stands convicted of a class 2 or 3 felony, whether a completed or preparatory offense and who has previously been convicted of any felony shall be sentenced to imprisonment for not less than the sentence and not more than three times the sentence authorized by section 13–701 for the offense for which the person currently stands convicted, and shall not be eligible for suspension or commutation of sentence, probation, pardon

or parole, work furlough or release from confinement on any other basis except as specifically authorized by section 31–233, subsection A or B until not less than two-thirds of the sentence imposed by the court has been served. Upon imposing a sentence pursuant to this subsection the court shall impose as a presumptive term three-fourths of the median of the allowable range.

**5.** Consolidated appeal and post-conviction relief procedures under Rule 32, Ariz.R.Crim.P., 17 A.R.S.

must also consider the nature of each individual offense within the episode and determine whether, under the circumstances, the offense was committed as a foreseeable concomitant of another offense, ... or whether it was simply an adventitious, exploitative, or gratuitous bulk crime. If the latter is true, the offense should be treated as a separate prior conviction....

\* \* \* \* \* \*

Clearly, ... not all crimes committed on a single occasion, or during a single episode ... will be spree crimes. Only connected, interrelated, contemporaneous crimes merit "spree" status. Crimes committed by the bushel do not.

State's Supplemental Brief at 13–14.

Despite its obvious lack of support in the statutory language, the state's argument is emotionally compelling. Indeed, we agree with the state's thesis: sentencing statutes should not be interpreted to provide a criminal with a discount card to commit as many crimes as he might desire without incurring any additional penalty because all the crimes were committed at the same place and within the same time frame. We believe, however, that our recent decision in *Noble* effectively answers the state's concern.

Before our decision in *Noble*, there had been some confusion as to whether the provisions of A.R.S. § 13–604(H) were applicable not only to enhancement under § 13–604 but also to consecutive sentencing imposed under other sections of the criminal code. *See State v. Perkins*, 144 Ariz. 591, 699 P.2d 364 (1985); *State v. Mulalley*, 127 Ariz. 92, 618 P.2d 586 (1980). *Noble* held that § 13–604(H) applies only to the other provisions of § 13–604. Therefore, subsection (H) "places no limits on a judge's ability to impose *consecutive* sentences, assuming that the judge has complied with other [legal] requirements," such as A.R.S. §§ 13–116 and 13–708. *Noble*,

152 Ariz. at 287, 731 P.2d at 1231 (emphasis added).

Under *Noble*, Henry's 1974 episode could have resulted in concurrent sentences for the burglary and robbery convictions, with the sentence for rape to run consecutively to the others. *Noble*, 152 Ariz. at 286–87 and n. 2, 731 P.2d at 1230–31 and n. 2. In addition, *Noble* disposes of Henry's argument that A.R.S. § 13–604(H) precluded the trial judge from ordering Henry's sentence for trafficking in stolen goods to be served consecutively to the sentences imposed for the 1974 convictions. Subsection (H) places no limits on the judge's authority to impose a consecutive sentence.

The possibility of receiving consecutive sentences under *Noble* deprives criminals of any "discount" for spree offenses. *Noble* provides trial judges, who are in the best position to judge the seriousness of defendant's crimes and to determine whether concurrent or consecutive sentences are appropriate, with the weapons necessary to deal with "crimes committed by the bushel." *See Noble*, 152 Ariz. at 288, 731 P.2d at 1232.

Having clarified the scope of subsection (H) in *Noble*, we believe the construction of the phrase "same occasion" is best illuminated by the words of the statute and the cases interpreting the phrase.[6] The common meaning of the phrase "same occasion" is same time, same place. Certainly, crimes falling within a "single criminal episode" qualify as crimes committed on the same occasion. Similarly, contemporaneous crimes committed in a "connected series of events" at the same place are committed on the same occasion. *State v. Sands*, 145 Ariz. 269, 277, 700 P.2d 1369, 1377 (App.1985) (citing *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980)). As the Arizona Criminal Code Commission observed when recommending adoption of the predecessor to § 13–604(H), "if the offender commits a robbery, and in order to escape ... kidnaps the victim," the crimes

---

6. The words of the statute do not permit what the state desires, which is for courts to consider the nature of each offense to determine whether, under the circumstances, each offense was committed as a "foreseeable concomitant of another offense." State's Supplemental Brief at

13–14. Indeed, such a test is more appropriate under A.R.S. § 13–116, the statute precluding double punishment in the imposition of consecutive sentences. *See Noble*, 152 Ariz. at 286–87 731 P.2d at 1230–31.

are committed on the same occasion. Comments of the Arizona Criminal Code Commission, *quoted in Hannah*, 126 Ariz. at 577, 617 P.2d at 529.

As in *Perkins*,[7] we acknowledge "the conceptual difficulties in distinguishing between occasions for the purposes" of the statute. 144 Ariz. at 598, 699 P.2d at 371. We believe, however, that *Perkins* stands for the proposition that different crimes committed in "spatio-temporal proximity" and forming part of the same criminal episode against the same victim or group of victims are crimes committed on the "same occasion" for purposes of § 13–604(H) and sentencing under any of the subsections of § 13–604. 144 Ariz. at 597, 699 P.2d at 370.

 We know of no all-encompassing test to determine whether different crimes fall within the "same occasion" limitation of the statute. Any analysis of the question must have reference to the time, place, number of victims, and distinct nature of the defendant's acts. *See Noble*, 152 Ariz. at 285–86, 731 P.2d at 1229–30. In general, however, when different crimes, even though unrelated in nature, are committed at the same place, on the same victim or group of victims, and at the same time or as part of a continuous series of criminal acts, they should be considered as having

been committed on the "same occasion" for purposes of sentence enhancement.

Applying the standards set out above, we find that Henry's 1974 crimes were committed on the "same occasion." Each of the crimes was committed on the same victim, at the same place, and as part of a continuous series of criminal acts. Accordingly, we approve the court of appeals' disposition, ordering that Henry's mandatory minimum sentence be reduced from 11.-25 years to 7.5 years, to run consecutively to the sentences imposed for the 1974 convictions. As modified, the judgment and sentence imposed by the trial court are affirmed. The court of appeals' memorandum decision is approved.

GORDON, C.J., and CAMERON and HOLOHAN, JJ., concur.

JACK D.H. HAYS, J., participated in the determination of this action but retired before this opinion was filed.

---

7. *Perkins* was overruled by *Noble*, 152 Ariz. at 288, 731 P.2d at 1232, insofar as it applied § 13–604(H) to consecutive sentencing. *Perkins* is still the law, however, with respect to the definition of "same occasion."