784 P.2d 688

**STATE of Arizona, Appellee,**

v.

**Frank Michael SHULARK, Appellant.**

**No. CR–89–0183–PR.**

Supreme Court of Arizona,
In Banc.

Dec. 14, 1989.

Robert K. Corbin, Atty. Gen. by Georgia B. Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

Harriette P. Levitt, Tucson, for appellant.

CAMERON, Justice.

### I. JURISDICTION

The state petitions this court to review a memorandum decision of the court of ap-

peals that vacated the defendant's sentence. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

## II. ISSUE

We address only one question on review: whether defendant's two acts of forgery were committed on the "same occasion" for purposes of sentence enhancement.

## III. FACTS

The following facts are necessary for a determination of this matter on appeal. The defendant and two women, Patty Clark and another woman, devised a forging and cashing scheme for a series of stolen checks. The second woman took the checks from the briefcase of a man with whom she lived. Clark then forged the first check in the amount of $400.00. The first attempt to cash that check failed when the teller at the drive-in window of a Tucson branch of the First Interstate Bank refused to cash it because of questionable identification. Defendant then went into another First Interstate Bank branch in Tucson and cashed the $400.00 check. The conspirators split the money and purchased drugs. Later the same day, defendant presented a check in the amount of $450.00 to another First Interstate Bank branch. This time, however, defendant left the bank during the verification process.

Defendant was charged with two counts of forgery and the jury found defendant guilty on both counts. The judge also found that one count constituted a prior conviction to the other count. *See* A.R.S. § 13–604(H); *State v. Hannah*, 126 Ariz. 575, 576, 617 P.2d 527, 528 (1980). Defendant timely appealed.

The court of appeals affirmed the conviction, but vacated the sentence and remanded for resentencing. The court reasoned:

While it is true that attempts to cash the two checks were made at different branches of First Interstate Bank, the scheme was hatched at one time, the checks were prepared for the crimes at one time, and one motive, that is, to obtain money for drugs, was the driving force behind both crimes. Our review of the record shows that appellant's acts meet the definition of "same occasion" and should only have been considered as one conviction for sentencing.

We granted the state's petition for review because we do not agree with the court of appeals that the offenses were committed on the "same occasion".

## IV. DISCUSSION

The applicable statute reads, in pertinent part:

Convictions for two or more offenses committed on the *same occasion* shall be counted as only one conviction for purposes of this section.

A.R.S. § 13–604(H) (emphasis added). In *Hannah*, we held that when a defendant is tried for more than one crime in a single trial, a conviction on one count may be used to enhance the punishment on a second count. If, however, the offenses were committed on the "same occasion," then only one conviction can be used for purposes of sentencing.

It is not always clear when two or more offenses are committed on the same occasion. In the case of *State v. Perkins*, 144 Ariz. 591, 699 P.2d 364 (1985), *overruled on other grounds by State v. Noble*, 152 Ariz. 284, 288, 731 P.2d 1228, 1232 (1987), the defendant was convicted of nine counts of armed robbery and one count of aggravated assault in the same trial. The convictions arose from three separate but intermingled events. The first robbery was committed against four young people who were riding in a car on the bottom of the Salt River. Defendant's car came from behind, cut them off, and forced them to stop. Defendant, armed with a sawed-off shotgun, robbed the victims at gunpoint and left. In the second incident, defendant robbed two young people leaving the same area by swerving his car in front of their car and forcing them to stop. In the third

incident, four young people leaving the area in a car were overtaken by the defendant's car. Defendant robbed three of the occupants at gunpoint. The fourth occupant of the car was not carrying any valuables and was not robbed. Defendant did, however, assault her by striking her head with the butt of the shotgun. Defendant contended that because the crimes were committed in a similar manner and within a few miles of each other, they arose out of the "same occasion". He further contended that the offenses arose out of the same occasion because they occurred pursuant to a common scheme to rob whoever was in the river bottom area. We held that the nine counts were distinct offenses committed on three separate occasions:

> [A] vague and potentially open-ended conspiracy to commit whatever crimes can be committed is alone insufficient to unite apparently distinct crimes. We find no error with the consecutive sentences imposed.

*Perkins*, 144 Ariz. at 598, 699 P.2d at 371.

We next addressed the issue of when two or more offenses are committed on the "same occasion" in *State v. Noble*, 152 Ariz. 284, 731 P.2d 1228 (1987). In *Noble*, defendant approached a twelve-year-old girl and asked for street directions. He then dragged the child into a bush and sexually molested her in three separate ways. He then walked with the victim for a few blocks and released her. Approximately thirty minutes passed between the time the victim was approached and released. Defendant was charged with three counts of child molestation and one count of kidnapping. A jury found appellant guilty of all four counts. The trial court imposed concurrent twenty-five years to life sentences on each of the three counts of child molestation and twenty-five years to life on the kidnapping count to be served consecutively to the other sentences. This court found that the offenses had been committed on the "same occasion," stating:

> Here, however, we conclude that the kidnapping and child molestation offenses were committed on the same occasion

after noting that 1) appellant's criminal conduct was continuous and uninterrupted, 2) appellant's conduct was directed to the accomplishment of a single criminal objective rather than multiple criminal objectives, 3) only one person was victimized, and 4) the time period involved was very brief. Because appellant's four offenses were committed on the same occasion, none of the four convictions can be considered prior convictions for purposes of enhancing sentences presently being imposed.

*Noble* 152 Ariz. at 286, 731 P.2d 1230.

A recent case involving the issue of "same occasion" offenses was *State v. Henry*, 152 Ariz. 608, 734 P.2d 93 (1987). In *Henry*, defendant and an accomplice forced their way into an apartment complex at gunpoint and ordered the complex manager to disrobe and open the office safe. After removing the money from the safe, defendant and his accomplice repeatedly raped the manager. They were convicted of armed burglary, armed robbery, and armed rape. Defendant was sentenced to twenty years on each count, the sentences to be served concurrently. Later, he was convicted of another crime. The sentencing judge treated the earlier offenses as three separate prior convictions and enhanced defendant's sentence for the later crime. Defendant appealed, claiming that the crimes that he was previously convicted of were committed on the "same occasion" because all of them occurred at the same place, the same time, and in a single series of continuous acts. Therefore, defendant argued, they should be treated as only one prior conviction. The court in *Henry*, relying upon *Noble*, held that A.R.S. § 13–604(H) applied and that the rape and assault occurred on the "same occasion".

> The common meaning of the phrase "same occasion" is same time, same place ...

\*   \*   \*   \*   \*   \*

We know of no all-encompassing test to determine whether different crimes fall within the "same occasion" limitation of the statute. Any analysis of the question must have reference to the time, place, number of victims, and distinct nature of the defendant's acts. *See Noble,* 152 Ariz. at 285–86, 731 P.2d at 1229–30. In general, however, when different crimes, even though unrelated in nature, are committed at the same place, on the same victim or group of victims, and at the same time or as part of a continuous series of criminal acts, they should be considered as having been committed on the "same occasion" for purposes of sentence enhancement.

\*   \*   \*   \*   \*   \*

*Henry* 152 Ariz. at 611–12, 734 P.2d at 96–97.

We believe that *Perkins* controls in the instant case. We might agree with defendant that the crimes occurred on the "same occasion" if the only crime he was charged with was conspiracy. However, the defendant was convicted of two counts of forgery. In one count, defendant entered a bank and cashed a $400.00 forged check. He then split the money with his accomplices and they used it to buy drugs. Later the same day, the process was unsuccessfully repeated at another branch of the First Interstate Bank using a separate check and a different amount. These were two separate events, not a continuous series of criminal acts. The crimes were committed at different times of the day, at different branches of the First Interstate Bank, using two different checks, two different forgeries, and two different bank tellers.

We hold that the crimes were separate and not committed on the "same occasion". The memorandum decision of the court of appeals is vacated. The sentence of the trial court is affirmed.

GORDON, C.J., FELDMAN, V.C.J., and MOELLER and CORCORAN, JJ., concur.