870 P.2d 1120

**STATE of Arizona, Appellee,**

v.

**Marvin Gene SHEPPARD, Appellant.**

**No. 1 CA–CR 91–1267.**

Court of Appeals of Arizona,
Division 1, Department B.

May 11, 1993.

Reconsideration Denied Sept. 13, 1993.

Review Granted April 5, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Judge.

Marvin Gene Sheppard ("defendant") appeals from his conviction and sentence.

## FACTS & PROCEDURAL HISTORY

Defendant was found guilty after trial by a jury of one count of kidnapping, a class 2 felony, and one count of attempted sexual assault, a class 3 felony.

The incidents leading to defendant's arrest and conviction are the following. On January 4, 1991, defendant asked for a ride home from the victim, a co-worker, after helping the victim obtain a jump start for her car. According to the victim, when she stopped to drop defendant off in a church parking lot near his home, defendant leaned toward her and attempted to kiss her. When she objected, he moved toward her again and caressed her leg and breast. The victim testified that she again objected, whereupon defendant became angry, locked her door, turned off the ignition and ordered her to unzip her pants. A struggle followed during which defendant repeated his demands and threatened to kill her if she did not oblige. The victim testified that, during this struggle, defendant had his hands around her neck and choked her. The victim testified that she was crying and asked defendant to "please stop" and that defendant finally said "okay," got out of the car and walked away.

At trial, defendant denied that he had attempted to sexually assault the victim, admitting instead that a struggle occurred when he tried to steal the victim's purse.

After the jury found the defendant guilty of kidnapping and attempted sexual assault as charged, the trial court sentenced defendant to concurrent sentences of 15 years for kidnapping and 10 years for attempted sexual assault, with 204 days of presentence incarceration credit.

## ISSUES

Defendant filed a timely notice of appeal, raising two issues for our consideration.

(1) Whether the trial court erred in refusing to ask the jury a question proposed by defendant during voir dire.

(2) Whether the trial court erred in sentencing defendant as a third-time offender rather than a second-time offender.

## DISCUSSION

*Defendant's Requested Voir Dire Question*

During the voir dire of the jury, a sidebar conference took place at which defense counsel asked the court to ask the panel a ques-

tion. The transcript of the voir dire, prior to the exercise of preemptive strikes, records defense counsel's recitation of his request at that conference:

> ... I did request at the sidebar conference that the court ask a question of jurors, particularly addressed toward the female prospective jurors, as to whether any of them had been the subject of forced sexual conduct, that did not, in their minds, amount to a criminal offense.

The record shows that this question was not posed to prospective jurors by the trial court.

Defendant argued below and argues on appeal that his question would have identified jurors who might have had personal experience with forced sexual conduct that, while not rising in their minds to the level of a criminal offense, would nonetheless bias them against the defendant, thus preventing a fair trial. According to defendant, none of the questions posed by the trial court served the same purpose as the one that he proposed; thus, in his view, the trial court's failure to ask prospective jurors the proposed question constituted error and an abuse of the trial court's discretion.

■ The scope of voir dire is left to the sound discretion of the trial court. *State v. Tims*, 143 Ariz. 196, 198, 693 P.2d 333, 335 (1985). Therefore the trial court's limitation of the voir dire examination will not be deemed an error on appeal absent a clear abuse of discretion. *Id.*

Our review of the record shows that the trial court did not abuse its discretion by not asking defendant's proposed question.

Moreover, we note that the record of the voir dire shows that the trial court did ask the following questions of prospective jurors:

> Is there anybody on the panel who has ever been a victim of any criminal action of any kind? That includes a wide variety from thefts, burglaries, I suppose, up to assault and other types of conduct. Anyone here who would qualify as a victim in the past of any crime?
>
> \*   \*   \*   \*   \*   \*
>
> ... I have one final question. Usually I will ask is there anyone here that would

like to meet with us afterwards. I say with us, I should say out of the presence of the rest of the panel, meet with the attorneys, the defendant and with me and tell us anything that I haven't asked about, or something that you might think would be important for us to know. I am not saying—occasionally someone will ask, will have something that they want to tell us. Is there anyone on the panel—you don't really know anything about this case now, but is there anyone that has any feelings about this case or, I told you the type of case that it is, that would create a problem for you being fair, impartial to both sides in this case.

We agree with the state that these inquiries adequately addressed the "gist" of defendant's proposed question and that, at best, defendant's proposed inquiries as phrased only would have served to confuse the jury.

*Improper Sentence Enhancement*

■ The state sought sentence enhancement under Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–604(D). After considering sentencing memoranda on the issue submitted by the defendant and the state, the trial court sentenced defendant as a third-time offender because of prior convictions for theft and trafficking in stolen property, both of which defendant admitted at trial. Defendant urged in the trial court that A.R.S. section 13–604(B) which deals with one prior felony conviction was applicable and that A.R.S. section 13–604(D) which deals with two or more prior felony convictions is not applicable. Defendant argues that he should have been sentenced instead as a second-time offender and that the trial court erred by counting his prior convictions for theft and trafficking in stolen property as two separate offenses for purposes of sentence enhancement under A.R.S. section 13–604(H). In pertinent part, A.R.S. section 13–604(H) provides:

> Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section.

According to defendant, his prior convictions for theft and trafficking were the result

of an incident in which an undercover police officer "placed an order" with defendant for a particular type of vehicle, which defendant then proceeded to steal and deliver to the police officer. Defendant maintains that the prior crimes of which he was convicted constitute a single offense for purposes of A.R.S. section 13–604(H) because they were committed "on the same occasion." To support his position, defendant relies on *State v. Noble* for the definition of offenses that occur on the "same occasion" and must therefore be counted as a single offense for purposes of sentence enhancement. 152 Ariz. 284, 731 P.2d 1228 (1987). In *Noble* our supreme court listed the following factors as indicating whether offenses were committed "on the same occasion:"

1) appellant's criminal conduct was continuous and uninterrupted, 2) appellant's criminal conduct was directed to the accomplishment of a single criminal objective rather than multiple criminal objectives, 3) only one person was victimized, and 4) the time period involved was very brief.

152 Ariz. at 286, 731 P.2d at 1230. Defendant argues that his convictions for trafficking and theft meet the *Noble* test for offenses occurring "on one occasion" because: (1) his criminal conduct was continuing and uninterrupted, since the trafficking began prior to the actual theft and could not have been completed without the theft; (2) his conduct was directed to the accomplishment of a single criminal objective, i.e., he only stole the car in order to sell it; (3) only one person was victimized, the owner of the vehicle; and (4) while the actual time that elapsed between the theft of the vehicle and its sale was several hours, "since the theft was committed during the commission of the trafficking charge," the time factor is also satisfied.

The state argues that defendant was properly sentenced as a third-time offender. For its analysis of defendant's prior convictions, the state relies on our supreme court's decision in *State v. Shulark*, 162 Ariz. 482, 485, 784 P.2d 688, 691 (1989), which sought to clarify when two or more offenses may be considered to have been committed on the same occasion for purposes of A.R.S. section 13–604(H). In *Shulark*, the supreme court

stated that "any analysis of the question must have reference to the time, place, number of victims, and distinct nature of the defendant's acts." *Id.* The court held that, "in general, . . . when different crimes, even though unrelated in nature, are committed at the same place, on the same victim or group of victims, and at the same time or as part of a continuous series of criminal acts" they may be considered as having been committed "on the same occasion." *Id.*

Analyzing defendant's prior offenses according to *Shulark*, the state concludes that these did not occur on the same occasion. The state argues that the crimes were not committed "at the same place" because the theft of the vehicle took place at a different location from its subsequent sale. The crimes were not committed "at the same time" because several hours elapsed between the theft of the vehicle and its sale. The victims of the crimes were two different individuals, the victim of the theft being the owner of the car and the victim of the trafficking the innocent buyer. Finally, according to the state, the nature of the two crimes represents separate acts because the act of stealing did not require the subsequent act of trafficking.

In *Shulark*, our supreme court acknowledged that it knew of "no all-encompassing test to determine whether different crimes fall within the 'same occasion' limitation of the statute." 162 Ariz. at 485, 784 P.2d at 691. We are similarly devoid of such knowledge. Nonetheless, in this case we find the state's accounting of the factors enumerated by the supreme court to be the more accurate. We might agree with defendant that the crimes occurred "on the same occasion" if the only factor to be considered were whether his crimes were part of a continuous scheme or series of criminal acts. However, as both *Noble* and *Shulark* maintain, there are other factors to be considered as well. Considering the other factors enumerated in *Shulark*, we agree with the state that the theft and the trafficking were committed at two separate times, in two different locations and that each crime had a separate victim. We also agree with the state that the two crimes are not necessarily related in nature

so as to be dependent on one another. After considering all of the factors required, we find that the crimes were not committed on one occasion and that the trial court therefore did not err in sentencing defendant as a third-time offender in this case.

We have reviewed this record for fundamental error as is required by A.R.S. section 13–4035. Having found none, the convictions and sentences in this case are affirmed.

WEISBERG, J., concurs.

JACOBSON, Presiding Judge, concurring in part; dissenting in part.

I concur in the majority's resolution of the issues regarding the substantive question whether the jury was improperly voir dired. My disagreement centers solely upon whether the state could properly enhance defendant's sentence with two prior convictions arising out of the factual scenario presented in those cases. Defendant was approached by a police undercover agent who "placed an order" for a Lincoln Continental automobile. In order to fulfill this order, defendant stole a Lincoln Continental and delivered it to his customer a few hours later. He was subsequently convicted of one count of theft and one count of trafficking in stolen property, both class 3 felonies, and received concurrent sentences on these charges. The question is: under this fact situation, were the offenses "committed on the same occasion" for the purpose of applying A.R.S. § 13–604(H), which provides:

> Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section [allowing for enhancement of sentence based on prior convictions].

This area of the law is not without difficulty; this is highlighted by the fact that both the majority and I rely upon exactly the same cases in arriving at diametrically opposed conclusions. The majority correctly points out that *State v. Noble*, 152 Ariz. 284, 731 P.2d 1228 (1987), listed the following factors in concluding that the crimes of child molesting and kidnapping occurred on the same occasion: (1) the criminal conduct was continuous and uninterrupted; (2) the criminal conduct was directed to the accomplishment of a single criminal objective rather than multiple criminal objectives; (3) only one person was victimized; and (4) the time period involved was brief. The majority also relies upon *State v. Shulark*, 162 Ariz. 482, 784 P.2d 688 (1989), in concluding that an attempt to cash two forged checks at two different branches of the same bank did not constitute offenses committed on the same occasion. The *Shulark* court noted that, generally, "when different crimes, even though unrelated in nature, are committed at the same place, on the same victim or group of victims, and at the same time *or as part of a continuous series of criminal acts* they may be considered as having been committed on the 'same occasion,' for purposes of sentence enhancement." 162 Ariz. at 485, 784 P.2d at 689 (emphasis added).

The majority, in concluding that the theft and trafficking did not constitute the same occasion, focuses on the difference in time, place, and victims of these two crimes and the fact that the "separate act of stealing did not require the subsequent act of trafficking." This analysis is more germane in determining the restriction on imposition of consecutive sentences under A.R.S. § 13–116, rather than enhancement under A.R.S. § 13–604(H). *See State v. Griffin*, 148 Ariz. 82, 713 P.2d 283 (1986); *State v. Newman*, 141 Ariz. 554, 688 P.2d 180 (1984). The trial court analyzed this issue from that perspective in reasoning, "legally, there were two separate distinct offenses that were committed previously." I do not dispute the separate nature of the two offenses; indeed, that is why defendant was convicted of two felonies. However, the fact that they were committed on the same occasion necessitates their being counted as one prior felony conviction under A.R.S. § 13–604(H).

The problem with attempting to extract universal principles from fact-intensive cases is underscored by the majority's recitation of the single victim factor noted in *Noble*. Of course, in *Noble* there was only one victim, a child who was both sexually molested and kidnapped. This does not mean that only a "one victim crime" can ever qualify as a

"same occasion" crime as was noted by *Shulark* in its reference to "group of victims." Moreover, the crime of trafficking [1] of necessity requires two victims, the owner of the stolen property and the buyer/recipient of the property. Under a narrow reading of *Noble,* trafficking could never constitute a "same occasion" offense.

In my opinion, the teachings of *Noble* and *Shulark* are summed up in the emphasis in both cases on whether the criminal conduct "was directed to the accomplishment of a single criminal objective," *Noble,* or whether the conduct was "part of a continuous series of criminal acts," *Shulark.* The factors of time, place and number of victims are to be considered in assessing this criminal conduct, but A.R.S. § 13–604(H), in recognizing that separate crimes can be committed on "the same occasion," does not make much sense if these factors alone are determinative.

If this analysis is correct, it is clear that, in this case, defendant's conduct in fulfilling a specific order for a specific type of automobile was, in my opinion, directed to the accomplishment of a single criminal objective and was part of a continuous series of criminal acts. Unlike the case where a defendant steals a car with the ambiguous motive of using it personally or subsequently selling it and does sell it (which, in my opinion, should probably not constitute the "same occasion"), here the undercover agent's specific request for this type of vehicle, before the defendant had taken control of such a vehicle, intertwined the two crimes into the same occasion. This is so because the stealing of the car (the theft) is driven by the same criminal objective as the trafficking: to provide *this* person with *this* type of car. In this sense, the trafficking offense and the theft offense were simultaneously ongoing and, thus, were committed at the same time and place.[2] Although I do not propose that all thefts accomplished with the intent to resell must always constitute "same occasion" offenses,

under the unique facts of this case, I conclude that here such is the case.

I would remand for resentencing utilizing only one prior conviction.

---

1. A.R.S. § 13–2301(B)(3) defines "trafficking" as "to sell, transfer, distribute, dispense, or otherwise dispose of stolen property...."

2. In this regard, one of the definitions of "deprive" under A.R.S. § 13–1801(A)(4) to constitute theft is "to transfer or dispose of it so that it is unlikely to be recovered." Compare this definition to that of "trafficking" which is to "transfer ... or otherwise dispose of stolen property." A.R.S. § 13–2301(B)(3).