876 P.2d 579

**STATE of Arizona, Appellee,**

v.

**Marvin Gene SHEPPARD, Appellant.**

No. CR–93–0504–PR.

Supreme Court of Arizona,
En Banc.

June 23, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for appellant.

OPINION

CORCORAN, Justice.

We must determine whether defendant's two prior felony convictions for theft and trafficking in stolen property should be treated as one conviction for purposes of sentence enhancement. Specifically, we must decide whether these offenses occurred on the "same occasion" under A.R.S. § 13–604(H). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 12–120.24, and rule 31.19, Arizona Rules of Criminal Procedure.

*Facts and Procedural History*

Marvin Gene Sheppard (defendant) was convicted of kidnapping, a class 2 felony, and attempted sexual assault, a class 3 felony. The factual circumstances leading to the convictions are set forth in *State v. Sheppard,* 178 Ariz. 24, 870 P.2d 1120 (App.1993).

Before these convictions, defendant had been convicted of theft and trafficking in stolen property, both class 3 felonies. The theft and trafficking convictions resulted from an incident in which an undercover police officer "ordered" a particular model of Lincoln Continental from defendant. Defendant then stole the requested vehicle and delivered it to the police officer later that day.

Over defendant's objections, the trial judge enhanced defendant's sentences for both the kidnapping and attempted sexual assault convictions. Under A.R.S. § 13–604(D), an en-

hanced sentence is required when an individual convicted of a class 2 or 3 felony has previously been convicted of 2 or more felonies. Because defendant had been convicted of trafficking and theft, the trial judge treated him as a third-time offender for purposes of A.R.S. § 13–604(D).

█ Defendant raised two issues on appeal to the court of appeals. The issue pertinent to this review concerns only the trial court's treatment of defendant's prior convictions for theft and trafficking. Defendant argued that these two offenses occurred on the "same occasion" and therefore should be treated as one conviction under § 13–604(H) for purposes of sentence enhancement. The court of appeals unanimously affirmed defendant's convictions, and in a 2–1 decision, the court affirmed defendant's sentences. *Sheppard*, 178 Ariz. at 28, 870 P.2d at 1124 (Jacobson, J., dissenting). We granted defendant's petition for review to correct the court of appeals' misapplication of § 13–604(H) and to provide trial courts with further guidance in the application of that section. Defendant did not petition this court for review of his convictions.

### Discussion

In pertinent part, § 13–604(H) provides:

Convictions for two or more offenses *committed on the same occasion* shall be counted as only one conviction for purposes of this section.

(Emphasis added.) The critical question when applying this subsection is what constitutes the "same occasion."

In determining that defendant's offenses were not committed on the "same occasion," the court of appeals relied on this court's decisions in *State v. Noble*, 152 Ariz. 284, 731 P.2d 1228 (1987), and *State v. Shulark*, 162 Ariz. 482, 784 P.2d 688 (1989). *See Sheppard*, 178 Ariz. at 27–28, 870 P.2d at 1123–24. In both of those cases, we listed a number of factors useful in determining whether two or more offenses were committed on the "same occasion" for purposes of § 13–604(H). The factors include, among others, the time period over which the offenses occurred, the

location where the offenses occurred, and the number of victims involved.

Using these factors, the court of appeals concluded that defendant did not commit the offenses on the "same occasion" because the theft and trafficking were not committed at exactly the same time and location, and the victims of the crimes were different. In his dissent, Judge Jacobson argued that the majority placed too much emphasis on these factors, stating:

[T]he teachings of *Noble* and *Shulark* are summed up in the emphasis in both cases on whether the criminal conduct "was directed to the accomplishment of a single criminal objective," *Noble*, or whether the conduct was "part of a continuous series of criminal acts," *Shulark*. The factors of time, place and number of victims are to be considered in assessing this criminal conduct, but A.R.S § 13–604(H), in recognizing that separate crimes can be committed on "the same occasion," does not make much sense if these factors alone are determinative.

We agree. As this court has repeatedly stated, there is no all-encompassing test for determining whether two offenses constitute the "same occasion." *Shulark*, 162 Ariz. at 485, 784 P.2d at 691; *State v. Henry*, 152 Ariz. 608, 612, 734 P.2d 93, 97 (1987); *see also State v. Perkins*, 144 Ariz. 591, 596–97, 699 P.2d 364, 369–70 (1985), *overruled on other grounds by Noble*, 152 Ariz. at 288, 731 P.2d at 1232 (providing extensive discussion of various tests used in determining what constitutes "same occasion"). The factors listed in *Noble* and *Shulark* are merely guidelines, not a checklist which, if satisfied, dictates the result. Consequently, each determination turns on the underlying facts of the specific case.

We agree with the dissent that defendant's previous theft and trafficking offenses were aimed at achieving a single criminal objective. *Sheppard*, 178 Ariz. at 29, 870 P.2d at 1125. The undercover officer placed an order with defendant for a particular make and model of vehicle, which defendant then stole and delivered to the officer later that same day. The theft was motivated by the same criminal objective as the trafficking: to pro-

vide the undercover officer with the specific car he ordered. In this respect, the facts of this case are analogous to those of *Noble*. *Cf. Noble*, 152 Ariz. at 286–87 n. 2, 731 P.2d at 1230–31 n. 2 (finding single criminal objective where defendant kidnapped child to carry out objective of molesting her).

■ As in this case, a literal application of the time, location, and victim identification analysis often will result in a finding that the criminal offenses were not committed on the "same occasion." When all of the offenses are aimed at furthering a single criminal objective, however, the offenses generally will constitute the "same occasion." *Cf. Noble*, 152 Ariz. at 286–87 n. 2, 731 P.2d at 1230–31 n. 2. This application is consistent with the drafters' intent. As we noted in *State v. Henry*, the Arizona Criminal Code Commission stated that, "if the offender commits a robbery, and in order to escape ... kidnaps the victim," the crimes are committed on the "same occasion," *State v. Henry*, 152 Ariz. at 611–12, 734 P.2d at 96–97, quoting Comments of the Arizona Criminal Code Commission.

*Conclusion*

Because defendant committed the theft and trafficking offenses to accomplish a single objective, we find that the offenses occurred on the "same occasion" for purposes of § 13–604(H). Although theft and trafficking in stolen property will not always constitute the "same occasion," they do under these facts. We therefore reverse defendant's sentence, vacate that portion of the court of appeals' opinion addressing the imposition of an enhanced sentence, and remand for resentencing with instructions that the trial court consider defendant's prior offenses as one conviction for purposes of sentence enhancement under A.R.S. § 13–604(B).

FELDMAN, C.J., MOELLER, V.C.J., and ZLAKET and MARTONE, JJ., concur.