NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RONNIE RAMIREZ, *Appellant*.

No. 1 CA-CR 21-0428
FILED 7-28-2022

Appeal from the Superior Court in Maricopa County
No. CR2020-129349-001
The Honorable Roy C. Whitehead, Judge

**AFFIRMED IN PART, VACATED IN PART, REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Rebecca Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jennifer Roach
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Peter B. Swann joined.

**P A T O N**, Judge:

¶1          Ronnie Ramirez appeals from his convictions and sentences for aggravated assault, unlawful discharge of a firearm, and misconduct involving weapons. We affirm Ramirez's convictions but vacate the sentences imposed and remand for resentencing because the record does not support his designation as a category three repetitive offender.

## FACTS AND PROCEDURAL HISTORY

¶2          The victim was shot at a bus stop at night. He was not forthcoming when asked about the shooter's identity but surveillance video from a nearby business captured the incident from a distance. The footage showed a man in red shorts walking toward the bus stop with a gun in his hand, soon followed by a flash. The man in red shorts then ran from the scene.

¶3          Some of the surveillance footage showed the man in red shorts with his shirt mostly removed—revealing extensive tattoos on his upper body. Police worked to identify the man by comparing images from the footage to photographs of individuals known to them. During that process, "the name Ronnie Ramirez" was "provided" or "came up" as a "possible" match. Police had images of Ramirez from a recent contact with him, and after comparing those images with the surveillance footage, officers believed the man in red shorts was Ramirez.

¶4          Police apprehended, questioned, and photographed Ramirez. He denied shooting the victim and claimed to not recognize the man in red shorts when shown images from the surveillance video, but admitted he was "sometimes" in the area where the shooting occurred and "could have been" there that night.

¶5          The State charged Ramirez with aggravated assault, unlawful discharge of a firearm, and misconduct involving weapons. At trial, Ramirez offered evidence he was asleep when the shooting took place and suggested that another person seen in the surveillance video could have shot the victim. A jury found Ramirez guilty as charged.[1] The superior court found he had two historical prior felony convictions and sentenced

---

[1] The misconduct involving weapons count was severed and decided after the jury returned verdicts on the other two counts. The jury also found Ramirez was on felony probation when he committed the crimes.

him as a category three repetitive offender to concurrent presumptive prison terms, the longest being 11.25 years.

**¶6**        Ramirez timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**I.      Testimony about police receiving Ramirez's name as a potential suspect was not fundamental prejudicial error.**

**¶7**        Ramirez argues the court erred by admitting into evidence an officer's testimony that "the name Ronnie Ramirez" was "provided" or "came up" as a "possible" person matching the suspect in the surveillance video footage. He contends the testimony constituted inadmissible hearsay and violated his rights under the Confrontation Clause because it conveyed to jurors that an informant told police Ramirez was, or might be, the shooter.

**¶8**        Hearsay is an out-of-court statement offered "in evidence to prove the truth of the matter asserted in the statement." Ariz. R. Evid. 801(c). Hearsay is inadmissible unless it falls within an exception to the hearsay rule. Ariz. R. Evid. 802. "The Confrontation Clause prohibits the admission of testimonial hearsay unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination." *State v. Forde*, 233 Ariz. 543, 564, ¶ 80 (2014) (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004)). We review the application of the hearsay rule for an abuse of discretion but consider a confrontation clause challenge de novo. *Id.* at ¶¶ 77, 79. Because Ramirez did not object to the testimony he now challenges, he must establish that its admission was fundamental prejudicial error. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).

**¶9**        Here, no reversible error occurred. The challenged testimony was offered in a discussion about police comparing the surveillance footage with images of individuals known to them, and the testimony did not reveal how, why, or by whom police received Ramirez's name as someone to consider. Thus, his argument that the testimony suggested an anonymous informant implicated him as the shooter is based on speculation rather than a reasonable inference. But even assuming the testimony pointed to the existence of an out-of-court statement that "directly impacted [the] key factual dispute" of the shooter's identity or took away Ramirez's constitutional right to confront a witness against him, he has not established that a reasonable jury could have reached a different

verdict without the testimony. *Escalante*, 245 Ariz. at 141, 144, ¶¶ 18–19, 29. He therefore fails to show prejudice.

¶10 The crux of this case was whether Ramirez was the man in red shorts on the surveillance video. To that end, the State's evidence and argument centered around comparing images from the surveillance footage with known images of Ramirez, and the record shows jurors did just that. For example, the jury asked for a second computer screen "to compare evidence" during deliberations.

¶11 During closing argument, the State did not refer to the police receiving Ramirez's name. Instead, it relied on the photographic evidence presented, including images showing that both Ramirez and the man in red shorts had "Phoenix" tattooed on their chest in lettering of the same size, placement, and style to prove Ramirez was the man the video. Although other tattoos captured in the surveillance footage are somewhat blurry, the placement and outlines of those tattoos correspond to Ramirez's tattoos—showing apparent matches, for example, of an "S" on the stomach, a woman's image on the back, and images on an upper arm. In addition, the known images of Ramirez show him wearing the same brand and style of shoes as the man in red shorts and having a similar build, coloring, and facial features. Accordingly, even if the challenged testimony had been excluded, "a reasonable jury could [not] have plausibly and intelligently returned a different verdict" on this record. *Id.* at 144, ¶ 31.

## II.    The superior court erroneously sentenced Ramirez as a category three repetitive offender.

¶12 The superior court sentenced Ramirez as a category three repetitive offender after finding he had two historical prior felony convictions. *See* A.R.S. § 13-703(C). Ramirez argues he must be resentenced because there was inadequate proof of the priors used to enhance his sentence. Although he did not object at sentencing, "[t]he improper use of a conviction as a historical prior felony conviction for enhancement purposes constitutes fundamental error." *State v. Avila*, 217 Ariz. 97, 99, ¶ 8 (App. 2007); *see also State v. Kelly*, 190 Ariz. 532, 534, ¶ 5 (1997) (claim that sentence should have been enhanced based on one, not two, prior convictions, can be raised for first time on appeal); *State v. Stroud*, 209 Ariz. 410, 414, ¶¶ 20–21 (2005) (remanding for resentencing where the court misapplied the law even though the defendant affirmatively contributed to that misapplication).

**¶13** The State bears the burden of proving the defendant has a particular prior conviction. *State v. McGuire*, 113 Ariz. 372, 374 (1976). Although such proof is generally established through a hearing, the State may also rely on the defendant's admissions to meet its burden. *See State v. Morales*, 215 Ariz. 59, 61, ¶ 7 (2007); *State v. Seymour*, 101 Ariz. 498 (1966). The superior court must find a prior conviction proven by clear and convincing evidence before enhancing the defendant's sentence on that basis. *Morales*, 215 Ariz. at 61, ¶ 6; *State v. Robles*, 213 Ariz. 268, 270, ¶ 3 n.1 (App. 2006).

**¶14** The State alleged before trial that Ramirez had the following "historical non-dangerous felony conviction(s)"—a class 6 aggravated assault and a class 3 threat or intimidation—both charged under case number CR2009-169632-001 and having the same dates of commission and conviction. "Convictions for two or more offenses committed on the same occasion" count "as only one conviction" under the repetitive offender statute. A.R.S. § 13-703(L). "[T]here is no all-encompassing test for determining whether two offenses constitute the 'same occasion.'" *State v. Sheppard*, 179 Ariz. 83, 84 (1994). Rather, courts consider a number of factors with "each determination turn[ing] on the underlying facts of the specific case." *Id.* Here, the State did not formally allege the convictions in CR2009-169632-001 were "committed on the same occasion." The State separately alleged Ramirez had a prior felony conviction for a class 5 attempted robbery in case number CR2007-005289-001, but clarified that the conviction was "not a historical prior felony as defined in A.R.S. § 13-105."

**¶15** Before Ramirez testified at trial, the superior court ruled the State could impeach him with sanitized evidence of the two convictions from the 2009 case number, *see* Ariz. R. Evid. 609, but it excluded evidence of the conviction from the 2007 case number as cumulative, *see* Ariz. R. Evid. 403. On cross-examination, Ramirez admitted he had two prior felony convictions "from 2009" and did not dispute the State's assertion that the convictions were from CR2009-169632-001.

**¶16** After the jury found Ramirez guilty, the State asked the superior court to sentence him as a category three repetitive offender based on his trial admissions. The State mistakenly asserted that Ramirez had admitted convictions in both CR2007-005289-001 and CR2009-169632-001. Consistent with the State's position, the court sentenced Ramirez as a repetitive offender with two historical prior felony convictions—one from the 2007 case and another from the 2009 case.

¶17 Ramirez argues he was sentenced as a category three repetitive offender in error. We agree. Ramirez never admitted—and the State did not otherwise prove—a conviction in the 2007 case. We reject the State's argument that an uncertified "criminal history" prepared by the probation department in this case proved Ramirez had a historical prior felony conviction in CR2007-005289-001. *See State v. Hurley*, 154 Ariz. 124, 132 (1987) (reiterating its holding that "to prove prior convictions, the state must offer in evidence a certified copy of the documents establishing the conviction and must prove that the defendant is the person to whom the documents refer" unless the "defendant admits the prior conviction or the state can show 'that its earnest and diligent attempts to procure the necessary documentation were unsuccessful for reasons beyond its control and that the evidence introduced in its stead is highly reliable'") (citation omitted); *cf. State v. Rockwell*, 161 Ariz. 5, 14 (1989) (presentence report insufficient to establish prior conviction).

¶18 Although Ramirez admitted prior convictions in the 2009 case, nothing in the trial record showed whether those two offenses were "committed on the same occasion" under A.R.S. § 13-703(L). *See State v. Derello*, 199 Ariz. 435, 437, ¶ 6 (App. 2001) (remanding for evidentiary hearing where "trial record was silent on whether [prior] convictions were committed on the same occasion"). Based on the trial record transmitted on appeal, Ramirez has established sentencing error. *Cf. Avila*, 217 Ariz. at 98–100, ¶¶ 4, 10–12 (concluding the defendant failed to establish fundamental sentencing error where the trial record included certified copies of the defendant's convictions and sentences that reasonably showed the convictions were "historical"). We are unpersuaded by the State's argument that Ramirez waived the argument that the offenses in CR2009-169632-001 were "committed on the same occasion" by not "affirmatively" arguing that interpretation on appeal. *Cf. Morales*, 215 Ariz. at 62, ¶ 12 ("reject[ing] the State's suggestion that a defendant should . . . be required to show the absence of [an improperly found] prior conviction in order to establish fundamental error" because doing so would undermine the State's burden of proving the conviction).

¶19 The State urges us to find no prejudice from any error, and therefore no need to remand for resentencing, on the theory that the superior court could have taken judicial notice of records in CR2007-005289-001 and CR2009-169632-001 that would establish Ramirez had at least two historical prior felony convictions. The State proposes that records in the 2007 case—which are not part of the appellate record—demonstrate that offense was a historical prior felony conviction even though the State represented before trial that the conviction was "not

historical." The State also contends that a presentence report in the 2009 case—which was not part of the trial record but which the State attached to its response on appeal—establishes that Ramirez's crimes in that case were committed on separate "occasions." We decline the State's request based on the record that is before us. *See State v. Schackart*, 190 Ariz. 238, 247 (1997) (declining to take judicial notice, on appellate review, of unauthenticated documents offered by the State to support the trial court's prior conviction finding in lieu of the "customary" practice of "prov[ing] a prior offense . . . by introducing appropriate documentary evidence in the trial court"); *cf. Morales*, 215 Ariz. at 62, ¶ 13 (finding remand for hearing on prior convictions unnecessary where "evidence conclusively proving [the defendant's] prior convictions [was] already in the [trial] record").

## CONCLUSION

¶20　　　　We affirm Ramirez's convictions but vacate his sentences and remand for further proceedings consistent with this decision.

