950 P.2d 1153

**STATE of Arizona, Appellee,**

v.

**Timothy David KELLY, Appellant.**

**No. CR–97–0128–PR.**

Supreme Court of Arizona,
En Banc.

Dec. 31, 1997.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Division, Mona S. Peugh–Baskin, Assistant Attorney General, Phoenix, for Appellee.

Dean B. Trebesch, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for Appellant.

OPINION

JONES, Vice Chief Justice.

¶ 1 The trial court gave appellant, Timothy David Kelly, an enhanced sentence based on two prior offenses rather than one. The court of appeals affirmed the dual enhancement. *State v. Kelly,* No. 95–0821 (Ariz.Ct.

App. Dec. 24, 1996) (mem.) We granted review, having determined that the court of appeals' interpretation of the "same occasion" test for sentence enhancement set forth in A.R.S. § 13–604(M) (Supp.1997) and discussed in *State v. Sheppard,* 179 Ariz. 83, 876 P.2d 579 (1994), is erroneous. We hold that our analysis of the "same occasion" provision in *State v. Noble,* 152 Ariz. 284, 731 P.2d 1228 (1987), remains valid and has not been replaced or abandoned by *Sheppard.* We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and Ariz. R.Crim. P. 31.19.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Kelly was tried and convicted of two counts of child molestation, two counts of misconduct involving weapons, and one count of false reporting. The trial court enhanced Kelly's sentences on these counts with two prior felony convictions—possession of marijuana and possession of dangerous drugs. He did not object at trial to the dual enhancement, but filed an appeal, claiming that the trial court committed fundamental error in enhancing his sentences with two felonies rather than one and arguing that the offenses were committed on the "same occasion" within the meaning of Section 13–604(M).

¶ 3 The presentence report for Kelly's present offenses included a clear reference to the "attached" presentence report from the prior convictions. The "attached" report, however, was not included in the record on appeal. The court of appeals allowed Kelly to supplement the record [1] with the presentence report from the earlier case, which stated: "On September 3, 1993, the defendant sold an undercover police officer 2.05 grams of marijuana and .33 grams of methamphetamine for $60.00.... After the sale,

the defendant told the police officer to contact him when he needed more drugs." Kelly asserts that these facts demonstrate a single criminal objective in the two possession charges, namely, to obtain money from a single buyer willing to pay for drugs in a single transaction. Consequently, he argues that, for purposes of sentence enhancement, the two prior offenses were committed on the "same occasion" and should be counted as one prior rather than two.

¶ 4 The court of appeals, in a memorandum decision, affirmed Kelly's sentences, rejecting as "irrelevant" Kelly's argument that the single criminal objective linking the two offenses was to obtain money from a single buyer and noting that his prior convictions were for possession, not sale. The court stated that it was not persuaded that the offenses were committed on the same occasion under Section 13–604(M) "simply because [the offenses] occurred on the same day." In a footnote, the court of appeals also notes "in passing" that it had previously allowed two drug possession counts to serve as multiple priors for sentence enhancement, citing *State v. Stein,* 153 Ariz. 235, 735 P.2d 845 (App.1987). But the court of appeals misreads the *Stein* decision. The court in *Stein* did not hold that defendant's two possession convictions constituted separate offenses occurring on separate occasions. Here, Kelly argues correctly that the precise dual enhancement issue was not in controversy, but rather the court merely interpreted and applied the term "prior conviction" to same time/same place possession counts which were then used to enhance the contemporaneous conspiracy counts. Careful evaluation of *Stein* indicates that his sentences were not enhanced by more than one historical prior.[2]

---

1. The rules allow an appellate court to add any excised portion of a presentence report to the record on appeal. *See* Ariz. R.Crim. P. 31.8(a)(2)(iii).

2. Stein was convicted of four class 2 felonies (importation of a narcotic drug, conspiracy to import a narcotic drug, conspiracy to possess a narcotic drug for sale, and possession of a narcotic drug for sale), one class 4 felony (possession of a dangerous drug (methamphetamine)), and one class 6 felony (possession of marijuana).

*Stein,* 153 Ariz. at 237, 735 P.2d at 847. The court of appeals approved the trial court's use of the methamphetamine and marijuana possession counts as prior convictions to enhance Stein's contemporaneous conspiracy counts. *Id.* at 241, 735 P.2d at 851. He was sentenced to *"aggravated terms of fifteen years each for three of the class 2 felonies, a term of nine years for possession of a narcotic drug for sale ..., the presumptive term of four years for possession of methamphetamine, and eighteen months for possession of marijuana." Id.* at 237, 735 P.2d at 847

## DISCUSSION

¶5 The court of appeals has held that improper use of two prior convictions rather than one for purposes of sentence enhancement constitutes fundamental error which can be raised for the first time on appeal. *See State v. Graves*, 188 Ariz. 24, 27, 932 P.2d 289, 292 (App.1996), *rev. denied* (Feb. 26, 1997). We agree. In the instant case, however, the court of appeals affirmed the trial court's use of two priors and held that the enhanced sentence was not improper. We thus address the question, as in both *Noble* and *Sheppard*, whether Kelly's two prior felony convictions for possession should be treated, for enhancement purposes, as one conviction or two.

¶6 Section 13–604(M) provides: "Convictions for two or more offenses committed *on the same occasion* shall be counted as only one conviction for purposes of this section." (Emphasis added.) In *Noble*, this court, adopting the factors test, held that the defendant's kidnapping and child molestation offenses were committed on the same occasion because "1) appellant's criminal conduct was continuous and uninterrupted, 2) appellant's conduct was directed to the accomplishment of a single criminal objective . . . , 3) only one person was victimized, and 4) the time period involved was very brief." 152 Ariz. at 286, 731 P.2d at 1230. In *State v. Shularok*, we held that because the defendant's two forgeries were committed at separate locations and were not continuous and uninterrupted, they were not to be treated as crimes committed on the "same occasion," even though they were committed the same day. 162 Ariz. 482, 485, 784 P.2d 688, 691 (1989). Consistently, in *State v. Henry*, 152 Ariz. 608, 734 P.2d 93 (1987), we reiterated the factors test and held:

> [W]hen different crimes, *even though unrelated in nature*, are committed at the same place, on the same victim or group of victims, and at the same time or as part of

a continuous series of criminal acts, they should be considered as having been committed on the "same occasion" for purposes of sentence enhancement.

*Id.* at 612, 734 P.2d at 97 (emphasis added). The factors test thus includes an analysis of 1) time, 2) place, 3) number of victims, 4) whether the crimes were continuous and uninterrupted, and 5) whether they were directed to the accomplishment of a single criminal objective.

¶7 The court of appeals in the instant case suggests that in *State v. Sheppard*, 179 Ariz. 83, 876 P.2d 579 (1994), this court "abandoned" the "formerly used" factor-based test laid out in *Noble*, and instead opted for a more generalized inquiry into whether the offenses " 'were aimed at achieving a single criminal objective.' " *State v. Kelly*, No. 95–0821, slip op. at 3 & n.2 (Ariz.Ct.App. Dec. 24, 1996) (mem.) (quoting *Sheppard*, 179 Ariz. at 84, 876 P.2d at 580). This conclusion is not accurate.

¶8 In *Sheppard*, the defendant's prior offenses were theft and trafficking. 179 Ariz. at 84, 876 P.2d at 580. Both convictions arose from an incident in which an undercover police officer "ordered" a certain model automobile from the defendant, who first stole the car and then delivered it to the officer later the same day. *Id.* at 83, 876 P.2d at 579. Applying the factors analysis, the court of appeals concluded the defendant did not commit the offenses on the "same occasion" because the theft and trafficking were committed at different times and locations. This court reversed the decision, noting that a too literal or too rigid application of the factors analysis poses the risk that two closely related criminal offenses might erroneously be treated as separate, thus depriving the defendant of the intended benefit of the "same occasion" statute. *Id.* at 85, 876 P.2d at 581. In order to avoid this result, we held that because the dual offenses, theft and trafficking, were, in addition to other factors, directed toward a "single criminal objective"

(emphasis added). At the time of the crimes, the presumptive term for one class 2 felony enhanced with two separate prior convictions was 15.75 years. *See* Law of May 16, 1985, ch. 364, § 4, 1985 Ariz. Sess. Laws 1431–35 (current version at A.R.S. § 13–604(D) (Supp.1997)); Law of

Oct. 1, 1978, ch. 201, §§ 104, 105, 1978 Ariz. Sess. Laws 720–21 (current version at A.R.S. § 13–701 (Supp.1997)). Because Stein's terms were "aggravated," his sentence was necessarily enhanced by one historical prior, not two.

(obtaining the vehicle for the undercover officer), the offenses should be considered as having been committed on the "same occasion" for the purpose of sentence enhancement. *Id.*

¶ 9 *Sheppard* held, implicitly if not expressly, that the "single criminal objective" test was to be used not in isolation, but *in conjunction with* the *Noble* factors to determine whether two offenses were committed on the "same occasion." "There is no all-encompassing test for determining whether two offenses were committed on the 'same occasion.'" *Id.* at 84, 876 P.2d at 580 (citing *Shulark*, 162 Ariz. at 485, 784 P.2d at 691; *Henry*, 152 Ariz. at 612, 734 P.2d at 97; *State v. Perkins*, 144 Ariz. 591, 596–97, 699 P.2d 364, 369–70 (1985), *overruled on other grounds by Noble*, 152 Ariz. at 288, 731 P.2d at 1232). The determination necessarily must turn on the specific facts of each case. *See id.* *Sheppard* merely emphasized that the factors were to be considered, but if they were not strictly or individually satisfied, the offenses may still be designated as a single prior if they were directed toward a single criminal objective.

¶ 10 "Same occasion" is commonly interpreted to mean same time, same place. *See Henry*, 152 Ariz. at 611, 734 P.2d at 96. If we were to hold, as did the court of appeals, that the single criminal objective test had supplanted the factors test, we may be compelled to find that two wholly unrelated offenses committed at the same time and place, even perhaps against the same victims, were not committed on the "same occasion." This would create an unacceptable result, as it would vitiate the intended meaning of the phrase "same occasion." We therefore emphasize that the *Noble* factors test is still current and has not been abandoned by this court, and that *Noble*, *Shulark*, and *Henry* remain good law.

¶ 11 The state argues in this case that the presentence report provides an "unverified" factual basis upon which to argue the law and contends it should be allowed to respond to Kelly's arguments with a more developed factual record. We agree. Kelly did not object in the trial court to the use of two priors to enhance his sentences. The state, therefore, had no reason to develop the record and should have the opportunity to do so in an evidentiary hearing.

¶ 12 If an evidentiary hearing reveals that Kelly sold marijuana *and* methamphetamine to a single officer in a single transaction and that the doctrine set forth in *Noble* and *Sheppard* is satisfied such that the offenses were uninterrupted and were committed at the same time and place with a single criminal objective, then the two offenses would properly be treated as a single transaction committed on the "same occasion." If the analysis reveals otherwise, then a contrary result would follow.

### DISPOSITION

¶ 13 Accordingly, the court of appeals' memorandum decision and the sentence imposed are vacated, and this case is remanded to the Maricopa County Superior Court with instructions to conduct an evidentiary hearing on the question whether, for purposes of sentence enhancement, the two prior convictions stemmed from offenses committed on the "same occasion" within the meaning of A.R.S. § 13–604(M). Timothy David Kelly shall then be resentenced consistent with the trial court's findings and the principles set forth in this decision.

ZLAKET, C.J., and FELDMAN, MOELLER and MARTONE, JJ., concur.