IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

---

THE STATE OF ARIZONA,
*Appellee*,

*v.*

DOMINIC RODOLPHO FLORES,
*Appellant*.

No. 2 CA-CR 2013-0552
Filed October 10, 2014

---

Appeal from the Superior Court in Pima County
No. CR20123110001
The Honorable Howard Fell, Judge Pro Tempore

**AFFIRMED**

---

COUNSEL

Thomas C. Horne, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By Kathryn A. Damstra, Assistant Attorney General, Tucson
*Counsel for Appellee*

Lori J. Lefferts, Pima County Public Defender
By Michael J. Miller and David J. Euchner, Assistant Public
Defenders, Tucson
*Counsel for Appellant*

**OPINION**

Judge Howard authored the opinion of this Court, in which Presiding Judge Kelly and Judge Vásquez concurred.

H O W A R D, Judge:

**¶1**        Dominic Flores appeals from his convictions and sentences for eight counts of first-degree trafficking in stolen property and one count of theft.  He argues the trial court erred in sentencing him as a repetitive offender pursuant to A.R.S. § 13-703(B)(1) because the jury, and not the court, should have determined whether his offenses had been committed "on the same occasion."  We affirm.

**¶2**        Flores initially was charged with seven counts of second-degree burglary, nine counts of first-degree trafficking in stolen property, and theft of property valued between $4,000 and $25,000.  The state alleged that all but the theft and one of the trafficking counts were not committed on the same occasion but consolidated for trial.  *See* § 13-703(B)(1).  The charges stemmed from seven home burglaries between May 14 and June 11, 2012.  Flores had pawned much of the property taken in those burglaries on the same day as the burglaries, and other items stolen in those burglaries were found in his home.  The trafficking count not alleged to fall within § 13-703(B)(1) was dismissed before trial.  After a jury trial, Flores was acquitted of the burglary charges but convicted of the remaining trafficking counts as well as theft.

**¶3**        Before the jury returned its verdicts, Flores argued, based on *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the jury was required to determine whether the offenses had been committed on the same occasion.  The trial court rejected that argument, concluding those cases were inapplicable and finding the offenses had not been committed on the same occasion and were not "spree offenses."  It sentenced Flores as a repetitive offender for all but the

first trafficking count and theft count, imposing concurrent prison terms the longest of which is seven years.

**¶4**         On appeal, Flores repeats his argument that the jury, and not the trial court, was required to find that the trafficking offenses had not been committed on the same occasion before he could be sentenced as a repetitive offender under § 13-703(B)(1). Pursuant to *Alleyne* and *Apprendi*, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, ___ U.S. at ___, 133 S. Ct. at 2155.   This rule encompasses facts that increase a sentence's mandatory minimum, *id.*, and those that increase a sentence beyond the presumptive term, *State v. Price*, 217 Ariz. 182, ¶ 8, 171 P.3d 1223, 1226 (2007).

**¶5**         Section 13-703(B)(1) provides that a person who "[i]s convicted of three or more felony offenses that were not committed on the same occasion but that either are consolidated for trial purposes or are not historical prior felony convictions" is sentenced as a category-two repetitive offender, and therefore the person is subject to a higher sentencing range than a category-one or first-time offender.  *See generally* A.R.S. §§ 13-702 through 13-703.  The finding that the offenses were not committed on the same occasion but consolidated for trial enhanced Flores's sentence.   *See* § 13-703(B)(1), (I).  Accordingly, the determination whether his offenses had been committed on the same occasion pursuant to § 13-703(B) was required to have been submitted to the jury, inherent in the jury's verdicts, or otherwise excepted from *Alleyne* and *Apprendi*.[1] *Cf. State v. Gatliff*, 209 Ariz. 362, ¶¶ 17-18, 102 P.3d 981, 984-85 (App. 2004) (no separate dangerousness finding required under *Apprendi* when dangerousness inherent in offense).

---

[1]We need not determine whether the analysis would differ in determining if prior convictions were "committed on the same occasion" pursuant to § 13-703(L), or whether the *Apprendi* prior-conviction exception would apply to that analysis. *See Apprendi*, 530 U.S. at 490 ("fact of a prior conviction" need not be found by jury).

**¶6**        Flores argues that whether his offenses were committed on the same occasion is not inherent in the jury verdict because the facts necessary to that determination were not found by the jury.  In *State v. Kelly*, 190 Ariz. 532, ¶ 6, 950 P.2d 1153, 1155 (1997), our supreme court identified five factors to be considered when determining whether offenses were committed on the same occasion:  "1) time, 2) place, 3) number of victims, 4) whether the crimes were continuous and uninterrupted, and 5) whether they were directed to the accomplishment of a single criminal objective."[2]

**¶7**        Flores reasons that the first three *Kelly* factors, the time, place, and number of victims, are "not . . . element[s] of the offense[s] and therefore not determined by the jury."  But the jury verdict forms stated that the jurors found Flores guilty of the various trafficking offenses "as alleged" in the relevant count of the indictment.  Each charge of trafficking in the indictment specified the date of the offense, the property in question, and the identity of the victim.  Thus, by finding Flores guilty of those offenses, the jury implicitly found those facts.[3]

---

[2] To the extent that Flores suggests the *Kelly* factors are nonexclusive, we disagree.  In noting that "[t]here is no all-encompassing test for determining whether two offenses were committed on the 'same occasion,'" the court in *Kelly* was rejecting an argument that the single criminal objective factor constituted a standalone test.  190 Ariz. 532, ¶ 9, 950 P.2d at 1156, *quoting State v. Sheppard*, 179 Ariz. 83, 84, 876 P.2d 579, 580 (1994).  The court did not intimate there were other relevant factors, *id.* ¶¶ 9-10, nor has any other Arizona court done so, and Flores has not identified any such factors.

[3] Flores claims we cannot know "which facts were found by the jury" because the state did not "elect a theory of trafficking," and thus the jury did not determine whether he had "initiate[d], organize[d], plan[ned], finance[d], direct[ed], manage[d] or supervise[d] the theft and trafficking."  A.R.S. § 13-2307(B).  But he has not explained why the jury was required to find the exact manner in which he had committed the trafficking offenses in order for the *Kelly* factors to be inherent in the verdict and for us to

**¶8** Contrary to Flores's argument, the facts alleged in the indictment and found by the jury, viewed in light of the factors enumerated in *Kelly*, lead inexorably to the conclusion that Flores's trafficking offenses were not committed on the same occasion. The indictment describes different offense dates for each trafficking offense, with at least nine different victims, each offense concerning different property. And the underlying thefts similarly involved different victims.[4]

**¶9** Additionally, we have found no Arizona case concluding that offenses were committed on the same occasion when the crimes were committed on different days, involved different property, or had unrelated victims.[5] *See, e.g., State v.*

---

determine whether he committed those offenses on the same occasion. He states he might have engaged in some of that conduct "all at the same time prior to the first crime," but that argument ignores the offense dates listed in the indictment and implicitly found by the jury. In any event, the fact that he might have engaged in some conduct in furtherance of his offenses before completing them does not mean he committed the offenses on the same occasion.

[4]Although the jury acquitted Flores of the burglary charges, it necessarily found he had "initiate[d], organize[d], plan[ned], finance[d], direct[ed], manage[d] or supervise[d]" the underlying thefts by finding him guilty of first-degree trafficking in stolen property. § 13-2307(B).

[5] Flores suggested at oral argument that we should view Arizona cases addressing this question as merely evaluating whether the evidence was sufficient to support the trial court's ultimate determination—a highly deferential review. But the cases we cited above make clear that courts have made this determination as a matter of law. And those cases, viewed as a whole, illustrate the extremely limited circumstances in which offenses will be found to have been committed on the same occasion. *See also State v. Derello*, 199 Ariz. 435, ¶ 8, 18 P.3d 1234, 1236 (App. 2001) (appellate court reviews de novo whether offenses committed on same occasion); *cf. United States v. Barbour*, 750 F.3d 535, 538-39 (6th Cir. 2014) ("'We

*Sheppard*, 179 Ariz. 83, 84-85, 876 P.2d 579, 580-81 (1994) (theft and trafficking offense committed on same occasion when defendant stole car and delivered it to undercover officer same day); *State v. Shulark*, 162 Ariz. 482, 485, 784 P.2d 688, 691 (1989) (forgery offenses not committed on same occasion when defendant presented forged checks at different banks on same day); *State v. Noble*, 152 Ariz. 284, 284-86, 731 P.2d 1228, 1228-30 (1987) (kidnapping leading to sexual assault committed on same occasion when offenses spanned thirty minutes); *State v. Perkins*, 144 Ariz. 591, 595-97, 699 P.2d 364, 368-70 (1985) (robberies committed against distinct victims involving different property within ninety-minute window in same area not committed on same occasion), *overruled on other grounds by Noble*, 152 Ariz. at 288, 731 P.2d at 1232; *State v. Rasul*, 216 Ariz. 491, ¶¶ 20-24, 167 P.3d 1286, 1291-92 (App. 2007) (arson and conspiracy to commit that arson committed on same occasion when committed against the same victims on same day); *State v. Derello*, 199 Ariz. 435, ¶¶ 10-15, 18 P.3d 1234, 1237 (App. 2001) (unlawful flight and prohibited possession occurred on same occasion when defendant shot convenience store clerk during robbery and fled in vehicle); *State v. Williams*, 169 Ariz. 376, 380-81, 819 P.2d 962, 966-67 (App. 1991) (series of crimes committed against different victims on same day as prison escape not committed on same occasion); *State v. Shearer*, 164 Ariz. 329, 341-42, 793 P.2d 86, 98-99 (App. 1989) (theft and fraudulent schemes spanning several-month period not committed on same occasion); *State v. Bedoni*, 161 Ariz. 480, 486, 779 P.2d 355, 361 (App. 1989) (driving under the influence and forgery committed on same occasion when driver presented false document during traffic stop); *State v. Vild*, 155 Ariz. 374, 376-77, 746 P.2d 1304, 1306-07 (App. 1987) (extended conspiracy leading to drug sale not committed on same occasion as drug sale); *State v. Schneider*, 148 Ariz. 441, 448-49, 715 P.2d 297, 304-05 (App. 1985) (interrelated thefts not committed on same occasion when spanning nineteen months and involving different victims).

---

review de novo' a district court's conclusion that two offenses 'were committed on occasions different from one another.'"), *quoting United States v. Hill*, 440 F.3d 292, 295 (6th Cir. 2006).

**¶10**      Flores insists, however, that his crimes were "continuous and uninterrupted" under the fourth *Kelly* factor, and thus could have been committed on the same occasion, because he "maintained some of the property from each of the burglaries." But, even assuming he did so, that does not mean his crimes were continuous and uninterrupted as that term has been applied in our case law. Possession of property related to one offense while committing another offense does not mean that a series of otherwise clearly separate offenses against different victims spanning a month-long period can reasonably be described as "continuous and uninterrupted." Flores has not cited, nor have we found, any authority suggesting the contrary. *See, e.g., Noble*, 152 Ariz. at 284-86, 731 P.2d at 1228-30 (kidnapping and child molestation spanning thirty minutes "continuous and uninterrupted"); *Derello*, 199 Ariz. 435, ¶ 14, 18 P.3d at 1237 (prohibited possession and flight "continuous and uninterrupted" because "[d]efendant continued to possess a weapon during his flight from the police"). And, no appellate court has found this factor to be present when there was any appreciable lapse of time or intervening event between the offenses. Thus, the fact the offenses were committed days apart mandates the conclusion they were not continuous and uninterrupted.

**¶11**      As to the final *Kelly* factor, Flores asserts that his offenses were directed to accomplish a "single criminal objective," that of "obtaining cash for stolen property."[6] But our supreme court

---

[6]The fifth *Kelly* factor is difficult to reconcile with *Alleyne* and *Apprendi*, which place the burden on the state to prove any facts underlying the determination that offenses were not committed on the same occasion. *Alleyne*, ___ U.S. at ___, 133 S. Ct. at 2155. While the first four *Kelly* factors are susceptible to affirmative proof, the last factor places on the state the arguably impossible burden of proving a negative—that there is no overarching criminal objective motivating the defendant's crimes. *Cf. United States v. Forbes*, 515 F.2d 676, 680 n.9 (D.C. Cir. 1975) (noting that "Congress obviously did not intend to place on the Government the near impossible burden of proving a negative in order to establish a violation"); *see generally State v. Verdugo*, 183 Ariz. 135, 138, 901 P.2d 1165, 1168

has flatly rejected the notion that a scheme to commit multiple crimes in order to make money is a single criminal objective, even when some *Kelly* factors are present. In *Perkins*, the court concluded that "distinct crimes committed against distinct victims, with different valuables taken in each," despite spanning only one day and occurring in the same location, did not occur on the same occasion despite defendant's assertion of an overarching scheme "to rob whomever they could" in that area. 144 Ariz. at 593, 595-97, 699 P.2d at 366, 369-71.

**¶12** Moreover, even if there were some "single criminal objective" present in this case, that fact alone would not permit the conclusion that Flores's offenses were committed on the same occasion. The supreme court in *Kelly* stated offenses could be designated as occurring on the same occasion even when the other factors "were not strictly or individually satisfied" if those offenses "were directed to the accomplishment of a single criminal objective." 190 Ariz. 532, ¶¶ 6, 9, 950 P.2d at 1155-56. Our supreme court further instructed, however, that the fifth factor must be evaluated "in conjunction with the [other four] factors to determine whether two offenses were committed on the 'same occasion.'" *Id.* ¶ 9. Thus, in the absence of any support for the other four factors, the fifth factor cannot alone sustain a finding the offenses were committed on the same occasion.

---

(App. 1995) (observing that burden is best placed on party "'who presumably has peculiar means of knowledge'" of that issue), *quoting* 9 J. Wigmore, *Evidence in Trials at Common Law* § 2486 (James H. Chadbourn ed., rev. ed. 1981). It may be that the fifth *Kelly* factor should be eliminated, or that it is more appropriately viewed as analogous to an affirmative defense, thus requiring the defendant to produce at least some evidence of an appropriate single criminal objective. *See generally State v. Kelly*, 210 Ariz. 460, ¶¶ 14-15, 112 P.3d 682, 686 (App. 2005) (discussing burden of proof and persuasion and noting "neither the state nor federal constitutions prohibit assigning the defendant the burden of persuasion for an affirmative defense"). But, as we explain, because the other *Kelly* factors are entirely absent here, we need not resolve this issue.

**¶13**        Consistent with our supreme court's directive in *Kelly*, we have found no cases finding the fifth factor, standing alone, sufficient to conclude that offenses were committed on the same occasion. For example, in *Sheppard*, our supreme court found that theft and trafficking had been committed on the same occasion when the defendant stole the vehicle and delivered it to an undercover officer the same day, showing the offenses were close in time. 179 Ariz. at 84-85, 876 P.2d at 580-81. Additionally, the offenses involved the same property, suggesting the defendant's criminal conduct was, in that respect, continuous and uninterrupted. *Id.*

**¶14**        Similarly, in *Noble*, although the court noted the defendant's kidnapping and molestation offenses were directed toward a single criminal objective, it also observed that the conduct involved a single victim, was continuous and uninterrupted, and encompassed a "very brief" time period. 152 Ariz. at 286, 731 P.2d at 1230. And in *Derello*, although we concluded prohibited possession and flight furthered the defendant's single criminal objective of robbery, we discussed the presence of several other *Kelly* factors, including that the events were continuous and uninterrupted and that the offenses were "closely related both by time and distance." 199 Ariz. 435, ¶¶ 13-15, 18 P.3d at 1237.

**¶15**        In *Rasul*, this court evaluated the connection between prior convictions for arson and conspiracy to commit arson, which had been committed on the same day. 216 Ariz. 491, ¶ 23, 167 P.3d at 1292. We observed that, although the "'spatial and temporal relationship between the two crimes'" was "fairly close," that relationship "may not independently support a finding that they occurred on the same occasion." *Id., quoting Derello*, 199 Ariz. 435 ¶ 9, 18 P.3d at 1236. The offenses, however, were directed toward the same victim. *Id.* ¶ 24. Viewing those factors in light of the fact the offenses were directed toward a single criminal objective, we concluded they had been committed on the same occasion. *Id.* This analysis is, like that in the other cases discussed, entirely consistent with our conclusion that the fifth *Kelly* factor cannot alone support a finding that offenses were committed on the same occasion.

**¶16**      Here, the indictment demonstrates that the first four factors are wholly not present, not merely "not strictly or individually satisfied." *Kelly,* 190 Ariz. 532, ¶ 6, 950 P.2d at 1155. And the facts inherent in the jury's verdicts conclusively establish that Flores's offenses were not committed on the same occasion.[7] Accordingly, irrespective of what criminal objective could theoretically exist, the trial court properly imposed enhanced sentences pursuant to § 13-703.

**¶17**      For the reasons stated, we affirm Flores's convictions and sentences.

---

[7]Our conclusion is consistent with those reached by federal courts addressing the analytically similar question whether prior offenses were "committed on occasions different from one another" for the purposes of imposing an increased sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Federal trial courts may evaluate that question by examining, inter alia, the charging documents, jury instructions, and verdicts. *See United States v. Weeks*, 711 F.3d 1255, 1259-61 (11th Cir. 2013); *Kirkland v. United States*, 687 F.3d 878, 887-88 (7th Cir. 2012); *United States v. Boykin*, 669 F.3d 467, 470-71 (4th Cir. 2012); *United States v. Thomas*, 572 F.3d 945, 950-51 (D.C. Cir. 2009); *United States v. Harris*, 447 F.3d 1300, 1306 (10th Cir. 2006). And other jurisdictions have recognized that the determination whether offenses were committed on the same occasion may be inherent in the verdicts. *See People v. Nunn*, 148 P.3d 222, 226-27 (Colo. App. 2006); *State v. Cuevas*, 326 P.3d 1242, 1255-56 (Or. Ct. App. 2014).