NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

EFREN ORTIZ GARCIA, *Appellant.*

No. 1 CA-CR 17-0305
No. 1 CA-CR 17-0315
(Consolidated)
FILED 5-15-2018

---

Appeal from the Superior Court in Maricopa County
No. CR2013-103418-001 SE
No. CR2016-134204-001 DT
The Honorable Mark H. Brain, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adele G. Ponce
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Kent E. Cattani joined.

W I N T H R O P, Judge:

¶1          Efren Ortiz Garcia ("Garcia") appeals his convictions and sentences for misconduct involving weapons and misconduct involving body armor.   For the following reasons, we affirm his convictions, probation revocation, and sentences.

## FACTS AND PROCEDURAL HISTORY[1]

¶2          On July 18, 2016, Mesa police stopped Garcia in his car. Garcia was wearing army fatigues, body armor, and an empty holster on his thigh.   Garcia initially did not comply with the officers' commands, putting the officers on high alert.   The officers eventually detained Garcia. While confirming the car did not have any other occupants, the officers saw in open view a handgun that would fit in Garcia's empty holster.   Garcia was on felony probation at the time of the incident.

¶3          The State charged Garcia with misconduct involving weapons and misconduct involving body armor.   At trial, Garcia called a witness, Lasley, to testify that he found the gun two days before the offense in an empty field next to his neighborhood.   Lasley saw Garcia driving, and caught a ride with Garcia to a nearby Circle K.   During the ride, the gun slipped out of a pocket of Lasley's basketball shorts into Garcia's car.   Lasley forgot to retrieve the weapon before he left the car.

¶4          The jury found Garcia guilty of both charges.   The court sentenced Garcia to concurrent, presumptive terms of ten years in prison for each count.   The court also revoked Garcia's probation, and sentenced him to six months in prison consecutive to the ten-year sentences.

¶5          Garcia timely appealed.   We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised

---

[1]     We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2010), and 13-4033(A)(1) (2010).[2]

**ANALYSIS**

**¶6**        Garcia presents two claims on appeal.  First, he argues the trial court erred by failing to require that the jury, after a separate aggravation hearing, determine Garcia was on felony probation at the time of the offenses.  Second, Garcia argues that the State committed prosecutorial misconduct by vouching during its closing argument.  Garcia failed to object to either of these alleged errors at trial, so we review for fundamental error.  *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).

   *I.*      *Separate Aggravation Hearing*

**¶7**        Garcia first argues the trial court erred by not requiring the jury to explicitly determine, after a separate aggravation hearing, that he was on felony probation at the time of the offenses.  After the evidence was presented, the trial court instructed the jury that a prohibited possessor is "a person who is at the time of possession serving a term of probation pursuant to a conviction for a felony offense."  The court released the jury from service after the jury reached its verdicts without conducting a separate hearing.  In light of the jury's verdict, inherently determining that Garcia was on probation at the time of the offense, the court increased the minimum sentence Garcia could receive to ten years in prison.

**¶8**        Facts that increase a defendant's mandatory minimum sentence must be submitted to a jury and proved beyond a reasonable doubt.  *Alleyne v. United States*, 570 U.S. 99, 103 (2013).  Arizona trial courts are required to sentence a defendant who commits a felony offense while on felony probation to no less than the presumptive term of imprisonment.  *See* A.R.S. § 13-708(C) (Supp. 2017).  Therefore, Garcia's felony probation status is a fact that increased his minimum sentence and the court was required to submit that issue to the jury or find that it was inherent in the jury's verdicts.  *State v. Flores*, 236 Ariz. 33, 35, ¶ 5 (App. 2014).  If the jury's verdicts necessarily or implicitly included a finding that Garcia was on probation at the time of the offenses, there was no need to conduct a separate hearing to address that issue.  *See State v. Gatliff*, 209 Ariz. 362, 364, ¶ 12 (App. 2004) (finding no separate dangerousness determination necessary because it was inherent in the jury's verdict).

---

2        We cite the current version of all applicable statutes because no revisions material to this decision have occurred.

**¶9**　　　　Here, to prove the misconduct involving weapons charge, the State had to prove Garcia was a prohibited possessor at the time of the offense. *See* A.R.S. § 13-3102(A)(4) (2018). Section 13-3101(A)(7)(d) (2018) provides that, a person who is on felony probation while possessing a weapon is a prohibited possessor, and as noted above, this is the only definition of a prohibited possessor the court provided to the jury. The jury found Garcia guilty, necessarily finding all elements of the charged offenses proved beyond a reasonable doubt. We presume jurors follow jury instructions, thus, the court was entitled to presume that the jurors' verdict included a finding that Garcia was on felony probation at the time of the offense. *See State v. Newell*, 212 Ariz. 389, 403, ¶ 68 (2006). Accordingly, there was no need to submit that issue to the jury in a separate hearing.

## II.　　*Prosecutorial Misconduct*

**¶10**　　　　Garcia next argues that the State committed prosecutorial misconduct by vouching when it commented on the sufficiency of the evidence and the lack of credibility of Garcia's witness. Prosecutorial vouching occurs when (1) "the prosecutor places the prestige of the government behind its witness" and when (2) "the prosecutor suggests that information not presented to the jury supports the witness'[] testimony." *State v. Blackman*, 201 Ariz. 527, 542, ¶ 62 (App. 2002) (internal quotations and citation omitted). While counsel is prohibited from referring to matters not in evidence, counsel may draw reasonable inferences from evidence presented at trial. *Id.* at 544, ¶ 71. Prosecutorial misconduct does not require reversal unless it permeated the trial to the extent it likely affected the outcome and denied the defendant his right to a fair trial. *Id.* at 541, ¶ 59.

### a.　　*Prosecutor's Comments Regarding Sufficiency of Evidence*

**¶11**　　　　During closing argument, Garcia pointed to the State's failure to test the handgun for fingerprints and DNA. The prosecutor responded, "[s]o when defense is trying to say [the State] had an analyst, but then he didn't do [fingerprint or DNA analysis] . . . he wasn't instructed to do it. And that's because Detective Figueroa was confident in her investigation." This argument was sufficiently tethered to the evidence. Detective Figueroa testified, without objection, that she was confident in the thoroughness of her investigation. The State reasonably argued from that evidence that the detective did not deem it necessary to test the evidence for fingerprints or DNA. *Cf. State, ex rel. McDougall v. Corcoran*, 153 Ariz. 157, 160 (1987) (finding comments on defendant's failure to produce

evidence was a permissible response to defendant's arguments about the sufficiency of the investigation).

*b.*      *Prosecutor's Comments Regarding Witness' Credibility*

**¶12**      At trial, the prosecutor also argued that the State would explain why it did not "believe [Lasley's] story at all." And that if, "you [Lasley] want to tell the truth, you show up for your interviews. If you want to tell the truth, you don't come to court 15 minutes before you're supposed to testify and then say what happened."

**¶13**      The credibility of witnesses is an issue for the jury to decide. *State v. Harrison*, 111 Ariz. 508, 509 (1975). Lasley testified to the facts in the State's argument. The State was free to use these facts to argue Lasley was not a credible witness. *See State v. Schrock*, 149 Ariz. 433, 438-39 (1986) (characterizing the argument that a defendant's statement was a lie as "a proper attack on defendant's statement").

**¶14**      The State further made the following arguments after Lasley testified about the gun falling out of his basketball shorts: "I'm familiar with, basketball shorts, they have pretty deep pockets." While this was not in evidence, and therefore improper, the statement did not permeate the trial to the extent of affecting the outcome nor deny Garcia the right to a fair trial.

**¶15**      We conclude the State's arguments, considered individually and cumulatively, do not amount to prosecutorial misconduct requiring reversal.

**CONCLUSION**

**¶16**      We affirm Garcia's convictions, probation revocation, and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA
