NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DIABOLIQUE DEONTEH PORTER, *Appellant.*

No. 1 CA-CR 23-0157

FILED 09-05-2024

Appeal from the Superior Court in Maricopa County
No. CR2021-114392-001
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian R. Coffman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge David D. Weinzweig joined.

_____

**P E R K I N S**, Judge:

¶1        Diabolique Porter appeals his sentences for possession of a narcotic drug for sale and for violating the terms of his probation. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        On August 22, 2015, and September 1, 2015, Porter robbed two convenience stores at gun point. Porter pled guilty to both armed robberies pursuant to a plea agreement, and he was sentenced for both offenses under the same case number. In April 2021, Porter possessed and sold fentanyl pills while he was on probation. Police officers nearby observed Porter exchanging cash for pills and arrested him. Porter admitted the pills were his and that he intended to sell them.

¶3        Porter was charged with possession of a narcotic drug for sale. The superior court held a prior-felony-conviction hearing, and the State called Porter's probation officer as a witness. The probation officer testified that Porter had been convicted of two separate armed robberies in 2015 that were tried and sentenced under the same case number. To confirm the probation officer's testimony, the State presented the sentencing minute entry which identified that Porter committed one armed robbery on August 22, 2015, and the other on September 1, 2015. The minute entry also identified that the robberies were against different victims and at different locations.

¶4        Porter presented no additional evidence or testimony but countered that he had only one prior felony conviction. Dismissing the testimony of the probation officer, Porter argued "there's been no testimony about whether those offenses occurred from the same occasion."

¶5        Deciding the issue in a bench trial, the court found that "the State has proven beyond a reasonable doubt that [Porter] has two historical prior felony convictions." The court then sentenced Porter to 15.75 years imprisonment, the presumptive term for a category three repetitive

offender. The court also sentenced Porter to an additional three years for violating his probation. Porter timely appealed, and we have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, 13-4033(A).

## DISCUSSION

**¶6** Porter argues that his right to a trial by an impartial jury was violated because whether two crimes occurred on the "same occasion" is a question to be decided only by the jury. Because Porter did not object to the superior court's decision to decide the issue in a bench trial, we review for fundamental error. *See State v. Escalante*, 245 Ariz. 135, 140–42, ¶¶ 16–21 (2018). Porter must establish that error exists, that the error was fundamental, and that the error was prejudicial. *Id.*

### I. Fundamental Error

**¶7** A defendant may be subjected to longer prison terms as a category three repetitive offender than as a category two repetitive offender. A.R.S. § 13-703(I)–(J). A defendant is a category three repetitive offender if he has two historical prior felony convictions, but he is a category two repetitive offender if he has one historical prior felony conviction. A.R.S. § 13-703(B)–(C). And multiple convictions for offenses "committed on the same occasion" count as only one conviction for the purpose of determining how many historical prior felony convictions a defendant has. A.R.S. § 13-703(L).

**¶8** To determine whether the offenses underlying a prior conviction were committed on the same occasion, the trier of fact must analyze the following factors: "1) time, 2) place, 3) number of victims, 4) whether the crimes were continuous and uninterrupted, and 5) whether they were directed to the accomplishment of a single criminal objective." *State v. Kelly*, 190 Ariz. 532, 534, ¶ 6 (1997).

**¶9** The right to a jury trial extends to any finding that would increase a person's sentence beyond the sentence that would otherwise be authorized from the verdict alone. *See Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000). Excepted from this requirement is "the fact of a prior conviction." *See id.* at 490. But as the United States Supreme Court recently clarified in *Erlinger v. United States*, the "same occasion" determination goes beyond that narrow exception because it requires a court to "do more than identify . . . previous convictions and the legal elements required to sustain them." 144 S. Ct. 1840, 1854 (2024).

¶10 We asked the parties for supplemental briefing on how *Erlinger* impacts this case. In light of *Erlinger*, the State concedes error in the superior court's judicial determination of the "same occasion" issue rather than a jury determination. We agree. Because the outcome of the "same occasion" determination could enhance a defendant's sentence, and falls outside the *Apprendi* exception for "the fact of a prior conviction," 530 U.S. at 490, the court was required to submit the issue to a jury, *see Erlinger*, 144 S. Ct. at 1852. The State also concedes this error was fundamental; it insists, however, that Porter has not established prejudice.

## II. Prejudice

¶11 Whether fundamental error results in prejudice "depend[s] on the nature of the error and the unique case facts." *Escalante*, 245 Ariz. at 144, ¶ 29. Porter must show "that without the error, a reasonable jury could have plausibly and intelligently" found that the armed robberies were committed on the same occasion. *See id.* at ¶ 31. And we must examine "the entire record, including the parties' theories and arguments as well as the trial evidence." *Id.*

¶12 In his supplemental brief, Porter argues that *Erlinger* "altered the landscape on which the determination of harmless error is being made." He suggests that *Erlinger* has invalidated the Arizona cases which affirmed separateness findings for offenses occurring on different days, involving different property, and affecting unrelated victims. *See, e.g.*, *State v. Flores*, 236 Ariz. 33 (App. 2014). We see no such mandate. In fact, *Erlinger* held: "Erlinger was entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt, [but] we decide no more than that." 144 S. Ct. at 1852.

¶13 Porter does not point to any probative evidence in the record establishing prejudice. Instead, Porter claims the jury could have considered his hypothetical testimony that the two armed robberies occurred on "the same occasion in his early life." But this hypothetical theory of the case is not in the record. In fact, Porter has not pointed to any evidence in the record supporting his theory and relevant to the factors the jury can consider when determining whether offenses occurred on the same occasion. *See Flores*, 236 Ariz. at 35, ¶ 7 (a defendant's subjective perception of offenses occurring on the same occasion is not a factor in determining the separateness issue).

¶14 The record does include unobjected-to court documents and the probation officer's testimony, which establish that Porter's prior

offenses occurred ten days apart, at two different locations, and against different victims. *See id.* at 36, ¶ 9 ("[W]e have found no Arizona case concluding that offenses were committed on the same occasion when the crimes were committed on different days, involved different property, or had unrelated victims."); *Wooden v. United States*, 595 U.S. 360, 370 (2022) (offenses committed days apart have "nearly always" been treated "as occurring on separate occasions"). On this record, no reasonable jury could have found that Porter's armed robberies were committed on the same occasion. Porter has not shown prejudice.

## CONCLUSION

¶15          We affirm Porter's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV