IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DIABOLIQUE DEONTEH PORTER, *Appellant*.

No. 1 CA-CR 23-0157

FILED 11-21-2024

Appeal from the Superior Court in Maricopa County
No.  CR2021-114392-001
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian R. Coffman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

**OPINION**

Judge Jennifer M. Perkins delivered the opinion of the Court, in which
Presiding Judge Andrew M. Jacobs and Judge David D. Weinzweig joined.

**P E R K I N S**, Judge:

¶1        Diabolique Porter appeals his sentences for possession of a narcotic drug for sale and for violating the terms of his probation. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Porter committed armed robberies on August 22, 2015, and September 1, 2015. Porter pled guilty to both armed robberies pursuant to a plea agreement, and he was sentenced for both offenses under the same case number. In April 2021, Porter possessed and sold fentanyl pills while he was on probation. Police officers nearby observed Porter exchanging cash for pills and arrested him. Porter admitted the pills were his and that he intended to sell them.

¶3        A jury convicted Porter of possession of a narcotic drug for sale. The court held a bench trial to determine Porter's prior felony convictions for sentencing purposes. The State called Porter's probation officer as a witness. The probation officer testified that Porter had been convicted of two separate armed robberies in 2015 that were tried and sentenced under the same case number. The State also presented the sentencing minute entry which identified that Porter committed one armed robbery on August 22, 2015, and the other on September 1, 2015.

¶4        Porter presented no additional evidence or testimony but countered that he had only one prior felony conviction. Dismissing the testimony of the probation officer, Porter argued "there's been no testimony about whether those offenses occurred from the same occasion."

¶5        The court found that "the State has proven beyond a reasonable doubt that [Porter] has two historical prior felony convictions." The court then sentenced Porter to 15.75 years imprisonment, the presumptive term for a category three repetitive offender. The court also sentenced Porter to an additional three years for violating his probation. Porter timely appealed, and we have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, 13-4033(A).

## DISCUSSION

¶6        Porter argues that the question of whether two crimes occurred on the same occasion can only be decided by a jury; thus, the superior court's determination of that question at a bench trial violated his right to a jury trial. Because Porter did not object to the superior court's

decision to decide the issue in a bench trial, we review for fundamental error. *See State v. Escalante*, 245 Ariz. 135, 140–42, ¶¶ 16–21 (2018). Porter must establish that error exists, that the error was fundamental, and that the error was prejudicial. *Id.*

## I.    Fundamental Error

**¶7**    A defendant may be subjected to longer prison terms as a category three repetitive offender than as a category two repetitive offender. A.R.S. § 13-703(I)–(J). A category three repetitive offender has two historical prior felony convictions; a category two repetitive offender has one historical prior felony conviction. A.R.S. § 13-703(B)–(C). Multiple convictions for offenses "committed on the same occasion" count as only one conviction for the purpose of determining how many historical prior felony convictions a defendant has. A.R.S. § 13-703(L).

**¶8**    To determine whether the offenses underlying a prior conviction were committed on the same occasion, the trier of fact must analyze the following factors: "1) time, 2) place, 3) number of victims, 4) whether the crimes were continuous and uninterrupted, and 5) whether they were directed to the accomplishment of a single criminal objective." *State v. Kelly*, 190 Ariz. 532, 534, ¶ 6 (1997).

**¶9**    The right to a jury trial extends to any finding that would increase a person's sentence beyond the sentence that would otherwise be authorized from the verdict alone. *See Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000). Excepted from this requirement is "the fact of a prior conviction." *See id.* at 490. But as the United States Supreme Court recently clarified in *Erlinger v. United States*, the "same occasion" determination goes beyond that narrow exception because it requires a court to "do more than identify . . . previous convictions and the legal elements required to sustain them." 144 S. Ct. 1840, 1854 (2024).

**¶10**    We asked the parties for supplemental briefing on how *Erlinger* impacts this case. In light of *Erlinger*, the State concedes error in the superior court's judicial determination of the "same occasion" issue rather than a jury determination. We agree. Because the outcome of the "same occasion" determination could enhance a defendant's sentence, and falls outside the *Apprendi* exception for "the fact of a prior conviction," 530 U.S. at 490, the issue should have been submitted to a jury, *see Erlinger*, 144 S. Ct. at 1852. The State also concedes this error was fundamental; it insists, however, that Porter has not established prejudice.

## II.      Prejudice

**¶11**          Whether fundamental error results in prejudice "depend[s] on the nature of the error and the unique case facts." *Escalante*, 245 Ariz. at 144, ¶ 29. Porter must show "that without the error, a reasonable jury could have plausibly and intelligently" found that the armed robberies were committed on the same occasion. *See id.* at ¶ 31. And we must examine "the entire record, including the parties' theories and arguments as well as the trial evidence." *Id.*

**¶12**          In his supplemental brief, Porter argues that *Erlinger* "altered the landscape on which the determination of harmless error is being made." He suggests that *Erlinger* has invalidated the Arizona cases which affirmed separateness findings for offenses occurring on different days, involving different property, and affecting unrelated victims. *See, e.g.*, *State v. Flores*, 236 Ariz. 33 (App. 2014). We see no such mandate. In fact, *Erlinger* held: "Erlinger was entitled to have a jury resolve [the federal Armed Career Criminal Act's] occasions inquiry unanimously and beyond a reasonable doubt, [but] we decide no more than that." 144 S. Ct. at 1852.

**¶13**          Porter does not point to any evidence in the record establishing prejudice. Instead, Porter claims he might have testified that the two armed robberies occurred on "the same occasion in his early life," and that the jury could have considered that testimony. But the record contains no evidence to support his hypothetical theory of the case, or any evidence relevant to the factors a jury can consider when determining whether offenses occurred on the same occasion. And a defendant's subjective perception that offenses occurred on the same occasion is not a factor in determining separateness. *See Flores*, 236 Ariz. at 36–37, ¶¶ 10–11.

**¶14**          The record does include unobjected-to court documents and the probation officer's testimony, which establish that Porter's prior offenses occurred ten days apart. *See id.* at 36, ¶ 9 ("[W]e have found no Arizona case concluding that offenses were committed on the same occasion when the crimes were committed on different days, involved different property, or had unrelated victims."); *Wooden v. United States*, 595 U.S. 360, 370 (2022) (offenses committed days apart have "nearly always" been treated "as occurring on separate occasions"). On this record, no reasonable jury could have found that Porter's armed robberies were committed on the same occasion. Porter has not shown prejudice.

## CONCLUSION

¶**15**     We affirm Porter's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:     AGFV