NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TERESA VOLESKY, *Plaintiff/Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0423

FILED 01-21-2026

Appeal from the Superior Court in Mohave County
No. CV-2025-00755
The Honorable Steven C. Moss, Judge

**AFFIRMED**

COUNSEL

Teresa Barbara Volesky, Bullhead City
*Plaintiff/Appellant*

Arizona Attorney General's Office, Tucson
By Dawn Rachelle Williams
*Counsel for Defendant/Appellee Department of Child Safety*

Coppersmith Brockelman PLC, Phoenix
By John C. Kelly, Andrew T. Fox
*Counsel for Defendant/Appellee Western Arizona Regional Medical Center*

---

**MEMORANDUM DECISION**

---

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge James B. Morse Jr. joined.

---

**F U R U Y A**, Judge:

¶1        Teresa Volesky ("Volesky") appeals the superior court's dismissal of her petition seeking pre-litigation discovery from the Department of Child Safety ("DCS") and Bullhead City Hospital Corporation d/b/a Western Arizona Regional Medical Center (the "Hospital"). For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        In 2007, Volesky took her child, C.H., to the Hospital with two fractured collar bones. *Teresa V. v. Ariz. Dep't of Econ. Sec.*, 1 CA-JV 11-0084, 2012 WL 10928, at *1 ¶ 2 (Ariz. App. Jan. 3, 2012) (mem. decision). After examining C.H., the Hospital reported Volesky to DCS for potential abuse. DCS later removed C.H. from Volesky's care, alleging C.H. had "severe or serious non-accidental injuries that required immediate medical treatment." *Id.* The following year, DCS removed another child, J.H., the day after he was born because "he was in imminent risk of harm as a result of [Volesky's] unfitness as a parent." *Id.* The juvenile court terminated Volesky's parental rights to both children in 2011. *Id.* at *1 ¶ 5. In 2012 we affirmed the termination. *Id.* at *1 ¶ 1.

¶3        In March 2025, Volesky filed a document captioned as "Petition for Pre-suit Discovery to Compel Medical Records in Fraud Investigation Under Rule 27 Arizona Rules of Civil Procedure. Motion to Compel Release of Medical Records of Minor Child." In her petition, Volesky asked the court to order DCS and the Hospital to produce C.H.'s medical records from 2007 because the records were "necessary for a fraud investigation." The court denied the petition because of insufficient information but permitted Volesky to amend the petition.

¶4        Volesky then filed an amended petition two weeks later, alleging that fraud committed by DCS and the Hospital led to the termination of her parental rights to C.H., and as such, the medical records were necessary "to assess the full scope of fraudulent activity and

determine if legal action is warranted." The court dismissed Volesky's petition with prejudice, finding Volesky "has no legal interest in [C.H.'s] records" because her parental rights were terminated, and any claim she may have related to the termination or alleged fraud is barred by the statute of limitations. Volesky moved for reconsideration, arguing the court should vacate its judgment "based on newly discovered evidence, fraud, judicial error, and due process violations." The court denied Volesky's motion, and she timely appealed.

¶5        We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(1).

## DISCUSSION

¶6        Volesky argues the court erred in dismissing her case with prejudice because the dismissal was "factually unsupported" and "legally and constitutionally defective." Specifically, she argues the court violated Arizona Rules of Civil Appellate Procedure ("ARCAP") 10 and 11 by sealing records and failing to provide transcripts, and that her due process rights were violated because of eighteen years of "systemic judicial bias." She further argues that during the 2011 termination hearing, (1) her due process rights were violated because the removal of C.H. was coerced and a conspiracy involving DCS prevented her from attending the hearing; (2) DCS used baseless criminal charges to support the termination ground of abandonment; (3) DCS and the Hospital submitted, and the court admitted, falsified medical records; and (4) the court erroneously denied placement of C.H. with a qualified blood relative.[1]

## I.    We Decline to Apply Waiver to Volesky's Brief.

¶7        DCS argues Volesky has waived her claims by failing to comply with ARCAP 13. Under ARCAP 13, an opening brief must state "the nature of the case, the course of the proceedings, the disposition in the court from which the appeal is taken . . . the basis of the appellate court's

---

[1]        In support of this argument, Volesky cites "*In re Dependency of D.F.-M.*, 236 Ariz. 33, 36 (App. 2014)." However, "*In re Dependency of D.F.-M.*" is the name of a Washington state juvenile case (157 Wash.App. 179), while the reporter citation to "236 Ariz. 33" references an Arizona criminal case (*State v. Flores*). Fabricated cases, whether included by using A.I. or otherwise, are entirely inappropriate and we will not consider them.

jurisdiction . . . [and] must include appropriate references to the record." ARCAP 13(a)(4). Additionally, arguments within the brief must identify "the applicable standard of appellate review with citation to supporting legal authority." ARCAP 13(a)(7)(B). Failure to comply with ARCAP 13 generally results in waiver, *see, e.g.*, *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 9 (App. 2022), but we have discretion to decline to apply waiver and decide a case on its merits, *see Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1981) ("We recognize that courts prefer to decide each case upon its merits rather than to dismiss summarily on procedural grounds."); *see also Clemens v. Clark*, 101 Ariz. 413, 414 (1966). Volesky's brief is deficient under ARCAP 13, because it fails to include references to the record, the basis for appellate jurisdiction, or the applicable standard of review with supporting legal authority. ARCAP 13(a)(4), (7). Regardless, we decline to apply waiver because Volesky argues that termination of her parental rights as to J.H., a child, are also implicated in her suit seeking records related to C.H. *See In re E.C.*, ___ Ariz. ___, ___, 579 P.3d 452, 456 ¶ 17 (App. 2025) (declining to apply waiver in a termination of parental rights case "[b]ecause the child's best interests are at issue").

## II. We Lack Jurisdiction to Review the 2011 Termination Hearing.

**¶8** Volesky raises several concerns with the 2011 termination hearing and seeks "reversal and a new hearing with full due process protections." But after Volesky's parental rights to C.H. and J.H. were terminated in 2011, she appealed, and we affirmed the termination in 2012. *Teresa V.*, 2012 WL 10928. Upon the filing of our decision, Volesky had fifteen days to file a motion for reconsideration or thirty days to file a petition for review with the supreme court. ARCAP 23(b)(2)(A)–(B). Because it has been well over thirty days, the termination of Volesky's parental rights is final, and we do not have jurisdiction to reconsider it. *See Baker v. Bradley*, 231 Ariz. 475, 479 ¶ 8 (App. 2013) ("Our jurisdiction is defined by statute, and we must dismiss an appeal over which we lack jurisdiction.").

## III. Volesky Does Not Have a Right to C.H.'s Medical Records or a Cognizable Claim of Fraud.

**¶9** We review the court's denial of a motion for reconsideration and its ruling on a discovery issue for abuse of discretion. *Worldwide Jet Charter, Inc. v. Christian*, 255 Ariz. 67, 70 ¶ 10 (App. 2023); *City of Casa Grande v. Ariz. Water Co.*, 199 Ariz. 547, 555 ¶ 26 (App. 2001). A court abuses its discretion if it makes "[a]n error of law" or its order is "unsupported by the record[.]" *Shinn v. Ariz. Bd. of Exec. Clemency*, 254 Ariz. 255, 259 ¶ 13 (2022).

¶10        A person who anticipates litigation may file a Rule 27 petition "to obtain [pre-litigation] discovery to preserve evidence . . . ." Ariz. R. Civ. P. 27(a)(1). The petition must establish, in part, the petitioner's interest in the expected action and that the expected action is "cognizable in any court within the United States . . . ." Ariz. R. Civ. P. 27(a)(1)(A)–(B). An action is cognizable if it is "[c]apable of being judicially tried or examined before a designated tribunal . . . ." *Cognizable*, BLACK'S LAW DICTIONARY (12th ed. 2024).

¶11        In denying Volesky's petition, the court found that Volesky "has no legal interest in [C.H.'s] records" because her parental rights were terminated, making her a "legal stranger" to C.H. Volesky does not challenge this specific finding in her opening brief, but merely states she "has a right to these records." A court order terminating a party's parental rights to a child "divest[s] the parent and the child of all legal rights, privileges, duties and obligations with respect to each other[.]" A.R.S. § 8-539. This includes divesting the parent of any legal right to the child's medical records. A.R.S. § 1-602(A)(6). Because the termination of Volesky's parental rights to C.H. is final, *supra* ¶ 8, she has no legal right to C.H.'s medical records. Without such a right, Volesky cannot establish an interest in any expected action based on those records.

¶12        The court also found the statute of limitations on Volesky's fraud claim was not tolled by fraudulent conduct, as Volesky argued. A party seeking to file a claim of fraud must do so within, at most, four years of accrual of the cause of action. *See* A.R.S. §§ 12-543(3) (three years for fraud), -821 (one year for claims against government entities), -550 (four years if no other statute applies). The statute of limitations on a fraud claim is tolled "until the plaintiff possesses a minimum knowledge sufficient to recognize that a wrong occurred and caused injury." *ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 290 ¶ 11 (App. 2010) (citation modified). But the party alleging fraud may not "hide behind [their] ignorance when reasonable investigation would have alerted [them] to the claim." *Id.* at 290 ¶ 12.

¶13        Volesky argued to the superior court that the statute of limitations was tolled until she discovered the fraud, which she alleges did not occur until her twelve-year-old son's desire for "sibling rights" prompted her to investigate the termination of her parental rights to C.H. The court rejected this argument, noting that "[i]f [Volesky] wanted to pursue these claims, she should have acted 13–17 years ago," rather than wait for a third party to "motivate[] her to look into it." Volesky now argues "she could not reasonably [have] known the fraud and misconduct which

had occurred as it was the responsibility of qualified professionals to not engage in this type of fraud and misconduct." She also claims "[t]he fraud is recently becoming more discoverable," but does not cite supporting evidence in the record.

¶14    Professionals do indeed have a responsibility not to engage in fraudulent activity, but that has no bearing on Volesky's own duty to investigate the circumstances of the termination hearing, if she had wished to do so. The Hospital's staff reported its concerns that C.H. had been abused in 2007. DCS removed C.H. on that basis. Volesky argued in 2011 that she did not abuse C.H. and claimed to be in possession of a medical report that established as much. *See Teresa V.*, 2012 WL 10928, at *2 ¶ 9 n.5. Thus, Volesky had enough information at that time to obligate her to investigate any alleged fraud back then. Her son's request for "sibling rights" years later does not relieve Volesky of her duty, which arose in 2011, to investigate any such claims in a reasonable and timely manner. We thus agree with the court that the statute of limitations was not tolled and any fraud claim Volesky may have had in relation to the 2011 termination hearing is barred.

¶15    Because Volesky does not have a legal right to C.H.'s records and her claim of fraud is time-barred, she cannot assert a cognizable claim sufficient to satisfy Rule 27. Thus, we discern no abuse of discretion in the court's order.

## CONCLUSION

¶16    We affirm the court's dismissal of Volesky's petition with prejudice.

